Christopher Pitoun (SBN 290235)
christopherp@hbsslaw.com
Abigail D. Pershing (SBN 346467)
abigailp@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

David S. Klevatt (to be admitted *Pro Hac Vice*)
dklevatt@insurancelawyer.com
Timothy M. Howe (to be admitted *Pro Hac Vice*)
Tim@Chicagolaw.biz
KLEVATT & ASSOCIATES, LLC
77 W Wacker, Suite 4500
Chicago, IL 60602-2619

*Attorneys for KIM-ANH PHAM,*
*on behalf of herself and all others similarly situated*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM-ANH PHAM, on behalf of herself and all others similarly situated. <br><br> Plaintiffs, <br><br> v. <br><br> LINCOLN BENEFIT LIFE COMPANY, and DOES 1 TO 50, inclusive, <br><br> Defendants. | No. 23-cv-290 <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> 1. BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM <br><br> 2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING |

1

**TABLE OF CONTENTS**

2

<u>Page</u>

3  I.  NATURE OF THE CASE................................................................1

4  II.  JURISDICTION AND VENUE.................................................6

5  III.  THE PARTIES .................................................................7

6  IV.  FACTUAL ALLEGATIONS.......................................................7

7  V.  CLASS ACTION ALLEGATIONS.................................................11

8  VI.  CAUSES OF ACTION.........................................................14

9  FIRST CAUSE OF ACTION  BREACH OF CONTRACTUAL DUTY TO PAY A COVERED
   CLAIM (ON BEHALF OF THE CLASS)..............................................14

10

   SECOND CAUSE OF ACTION  BAD FAITH BREACH OF THE IMPLIED COVENANT OF
11   GOOD FAITH AND FAIR DEALING IN INSURANCE POLICY.........................15

12  (ON BEHALF OF THE CLASS)...................................................15

13  PRAYER FOR RELIEF..........................................................17

14  JURY DEMAND................................................................18

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIM-ANH PHAM ("Ms. Pham" or "Plaintiff") brings this action, on behalf of herself and all others similarly situated, against Defendant Lincoln Benefit Life Company ("Lincoln Benefit"). Plaintiff alleges as follows, based on her individual experience, the investigation of counsel, and information and belief.

## I.     NATURE OF THE CASE

1.     Plaintiff has filed this class action lawsuit because Defendant knowingly and repeatedly violated California law by failing to provide statutorily mandated annual notices and policy forms to life insurance policyholders as required by California law. Defendant's failure to provide these notices and forms prevented the life insurance policies from lapsing, and thus the contracts remained in force at the time of the insureds' death. Defendant then breached their life insurance contracts by refusing to pay the contractually mandated death benefits to the beneficiaries.

2.     Sections 10113.71 and 10113.72 of the California Insurance Code ("Statutes"), which became effective January 1, 2013, codified three critical obligations (among others) for life insurers as Defendant. They are required to: a) give their policyholders an opportunity to designate a third party to receive notice of a potential termination of benefits for non-payment of a premium and to provide them a form to submit for making such designation ("Designation Notice Requirement");  b) provide notice to a policyholder designee of any non-payment of a premium prior to terminating any policy ("Third Party Notice Requirement"), and provide notice to all persons with an interest in the life insurance policy prior to cancellation ("Lapse Notice Requirement") (collectively the "Requirements").

3.     The public policy undergirding these requirements—which were publicly supported by California's Governor, Insurance Commissioner and Department of Insurance—is to provide safeguards for consumers who have purchased life insurance coverage, especially seniors. More specifically, the statutes are there to protect such

consumers from losing their life insurance due to a missed premium payment or an uninformed choice about their insurance options.

4.      According to the author of the legislation: "Individuals can easily lose the critical protection of life insurance if a single premium is accidentally missed. If an insured individual loses coverage and wants it reinstated, he or she may have to undergo a new physical exam and be underwritten again, risking a significantly more expensive, possibly unaffordable premium if his or her health has changed in the years since purchasing the policy. Therefore, the protections provided by the Requirements are intended to make sure that policyholders have sufficient warning that their premium may lapse due to nonpayment."

5.      This is not a mere hypothetical concern. When a life insurance holder is elderly, ill, or in the final stages of life, it is not uncommon for a such a holder to miss a premium payment or make an uninformed decision as a result of their condition. The consumer protections of the Statutes were put in place to protect policyholders and their families.

6.      Lincoln Benefit has repeatedly and intentionally failed to adhere to the Designation Notice Requirement, Third Party Notice Requirement, and Lapse Notice Requirement (collectively "Requirements"), which prevented the policies from lapsing — and it then failed to honor those life insurance policies by refusing to pay beneficiaries the proceeds based on the false assumption that the policies lapsed. Lincoln Benefit's conduct has been particularly egregious as it knew that the California Supreme Court, the Ninth Circuit Court of Appeals, and numerous district courts in the Ninth Circuit have enforced these Requirements against life insurance companies in nearly identical circumstances.

7.      The California Supreme Court unequivocally held—in *McHugh v. Protective Life Ins. Co.*, Cal. Supreme Court Case Number S259215 (Aug. 30, 2021)— that the Statutes apply to <u>all</u> policies in force as of January 1, 2013:

"We conclude that sections 10113.71 and 10113.72 apply to all life insurance policies in force when these two sections went into effect, regardless of when the policies were originally issued. This interpretation fits the provisions' language, legislative history, and uniform notice scheme, and it protects policy owners — including elderly, hospitalized, or incapacitated ones who may be particularly vulnerable to missing a premium payment — from losing coverage, consistent with the provisions' purpose."

8.      The *McHugh* decision followed multiple rulings from other courts, one dating as far back as 2016, which likewise applied the Statutes to policies in force as of the Statutes' effective date. *See Bentley v. United of Omaha Life Ins. Co.*, 2:15-CV-07870 (C.D. Cal. Feb. 21, 2019), Dkt. No. 174 at 24-25 ("Jennifer Bentley, as the class representative, has successfully demonstrated that United breached its contractual duty to pay life insurance benefits because: (1) United issued the life insurance policy to Eric Bentley, and Jennifer Bentley is that policy's beneficiary, Jt. Stip. ¶ 15; (2) the Bentley policy was issued, delivered, or renewed in California by United, *id*. ¶¶ 16–17; (3) the Bentley policy renewed after the Effective Date, *id*. ¶¶ 17, 20; (4) United did not provide Eric Bentley with the Offer to Designate or provide Jennifer Bentley with the Designee/30-Day Notice required by the Statutes, *id*. ¶¶ 22–24; (5) the Bentley policy lapsed for non-payment of premium after the Effective Date, *id*. ¶¶ 4–5, 35–36; and (6) to date, United has not paid death benefits on the Bentley policy. *Id*. ¶ 32. Thus, there is no dispute of material fact that United breached its contractual duty to pay Jennifer Bentley's life insurance claim."); *accord Moriarty v. American General Life Ins. Co.*, 3:17-cv-1709 (S. D. Cal. Oct. 1, 2020); *Siino v. Foresters Life Ins. & Annuity Co.*, 2020 U.S. Dist. Lexis 178709, *14–19 (N.D. Cal. Sep. 1, 2020); *Thomas v. State Farm Ins. Co.*, Case No 18-cv-00728 (S.D. Cal. Dec. 10, 2019); *Bentley v. United of Omaha Life Ins. Co.* 2016 U.S. Dist. LEXIS 195183 (C.D. Cal. June 22, 2016).

9.      More recently, the Ninth Circuit followed and expanded on *McHugh*. In *Thomas v. State Farm Life Ins.*, 2021 U.S. App. LEXIS 30035, *30035 (9th Cir. Oct. 6,

2021), the court, relying on *McHugh*, held that an insurer breaches an insurance policy by lapsing it without providing the statutory notices and then failing to pay the policy proceeds when the policy owner passes away.  2021 U.S. App. LEXIS 30035 at 3-4 ("… State Farm failed to comply with sections 10113.71 and 10113.72, which prevented the policies from lapsing. [citation omitted] Therefore, State Farm breached its contractual obligations by failing to pay benefits to [the beneficiary] under the policies after [the policyholder's] death.").  The *Thomas* court rejected the life insurance company's argument that the beneficiary has any burden to prove that the failure to provide notice caused harm.

10.    Most recently, in April 2022, the insurance industry unsuccessfully attempted to overturn *McHugh* and to change the Statutes to require that "No insurer shall be liable for failure to meet any requirement of Sections 10113.71 or 10113.72 unless an alleged policy lapse occurred as a result of such failure." *See* California SB 1320, as sponsored by the Association of California Life and Health Insurance Companies (ACLHIC).  This attempted amendment failed, in part due to a successful opposition by Consumer Attorneys of California, California Advocates for Nursing Home Reform, California Alliance of Retired Americans, Consumer Federaation of California, Life Insurance Consumer Advocacy Center, and Consumer Watchdog who asserted that:

> *1320 would incentivize insurers to disregard the law because it will be nearly impossible for consumers to prove causation. How can a consumer prove that their life insurance policy would not have lapsed if their carrier had invited them to designate someone else to receive notifications? Would that person have received the notifications? Would that person have acted on them? This proposal guts the purpose of the statutes by making it impossible for policyholders to hold insurers accountable. For these reasons, we must oppose SB 1320.* Exhibit 1, Letter to Senator Brian Jones, April 13, 2022.

11.    The Statutes themselves provide that: "No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30

days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination." California Insurance Code Section 10113.72(c). The Statutes also provide that: "A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to § 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium." California Insurance Code Section 10113.71(b)(1); *see also e.g.*, *Kotlar v. Hartford Fire Ins. Co.*, 83 Cal. App. 4th 1116, 1121 (2000) ("If cancellation is defective, the policy remains in effect even if the premiums are not paid."); *Mackey v. Bristol West Ins. Services of CA, Inc.*, 105 Cal.App.4th 1247, 1258 (2003) ("Termination of coverage can only be accomplished by strict compliance with the terms of any statutory provisions applicable to cancellation."); and 2-7 Appleman on Insurance Law & Practice § 7.1 (2d 2011) ("Generally, where the insurer attempts to cancel a policy for nonpayment of premiums, it is held to a strict standard requiring absolute compliance with policy provisions and the notice of cancellation must conform to all applicable statutes.").

12.     Despite this longstanding, clear and overwhelming authority, for life insurance policies originally issued prior to January 1, 2013, and those renewed after January 1, 2013, Lincoln Benefit has wrongfully terminated polices and refused to pay death benefits after failing to adhere to the Requirements mandated by law with respect to such policies.

13.     Plaintiff is one of many beneficiaries that have been damaged by Lincoln Benefit's unlawful conduct.

14.     Lincoln Benefit improperly terminated and refused to pay the benefits of a policy it issued to Thanh "Ted" C. Dang ("Mr. Dang") - Ms. Pham's husband - who died on October 2, 2022.

15.     Plaintiff brings this suit as a class action to hold Defendant accountable for its violations of the law and subsequent breaches of insurance contracts, which have severely harmed, and will continue to severely harm if not stopped, numerous families such as Ms. Pham's.

## II.     JURISDICTION AND VENUE

16.     This action is a civil matter over which this Court has jurisdiction under the provisions of 28 U.S.C. § 1332.

17.     Ms. Pham is a citizen and domiciliary of the state of California residing in Sacramento, California.

18.     Lincoln Benefit has its corporate headquarters in Lincoln, Nebraska and is incorporated in the state of Nebraska.  Lincoln Benefit was purchased by Kuvare US Holdings, Inc. ("Kuvare") on December 31, 2019.

19.     The amount in controversy well exceeds the jurisdictional minimum under 28 U.S.C. § 1332.

20.     Venue is appropriate in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to claims at issue occurred in this district. Plaintiff Ms. Pham resides in this district and the life insurance policy at issue was issued in this district. Lincoln Benefit has transacted business in this district including the issuance of life insurance policies and was found or had agents in this district.

21.     This Court has personal jurisdiction over Lincoln Benefit because, among other facts, it: a) transacted business in this district; b) issued insurance policies in this district; c) had substantial contacts with this district; and/or d) engaged in the illegal conduct alleged herein which was directed at and had the intended effect of causing injury to persons residing or located in this district.

### III.   THE PARTIES

22.   Ms. Kim-Ahn Pham is the sole beneficiary of the insurance policy issued by Lincoln Benefit to her late-husband Thanh (Ted) Dang in 2000 that was entered into in Sacramento, California. Ms. Pham is a resident of Sacramento, California.

23.   Lincoln Benefit is a Nebraska life insurance company headquartered in Lincoln, Nebraska.

### IV.   FACTUAL ALLEGATIONS

24.   In 2012, Assembly Bill 1747 was enacted and created Sections 10113.71 and 10113.72 of the California Insurance Code (the "Statutes").

25.   The Statutes went into effect on January 1, 2013 (the "Effective Date") and established, among other things, notice and designation requirements for life insurance policies.

26.   The mandates of the Statutes included, among other requirements, the Designation Notice Requirement, Third-Party Notice Requirement, and Lapse Notice Requirement which required insurers to give their policyholders an annual opportunity to designate a third party to receive notice of a potential termination of benefits for non-payment of a premium, provide notice to a third party designated by the policyholder of any non-payment of a premium prior to terminating any policy and to provide all those with an interest in the life insurance policy notice of the lapse.  The Statutes read in pertinent part:

> **Section 10113.71:**
>
> (b)(1): A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

\*\*\*\*

(3) Notice shall be given to the policy owner and to the designee by first-class United States mail within 30 days after a premium is due and unpaid. However, notices made to assignees pursuant to this section may be done electronically with the consent of the assignee.

\*\*\*

**Section 10113.72:**

(a) An individual life insurance policy shall not be issued or delivered in this state until the applicant has been given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium. The insurer shall provide each applicant with a form to make the designation. That form shall provide the opportunity for the applicant to submit the name, address, and telephone number of at least one person, in addition to the applicant, who is to receive notice of lapse or termination of the policy for nonpayment of premium.

(b) The insurer shall notify the policy owner annually of the right to change the written designation or designate one or more persons. The policy owner may change the designation more often if he or she chooses to do so.

(c) No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of

lapse or termination. Notice shall be given by first-class United States mail within 30 days after a premium is due and unpaid.

Cal. Ins. Code § 10113.71-72.

27.    Defendant has chosen to disregard the Statutes with respect to life insurance policies issued or delivered in California prior to January 1, 2013 and those which renewed after January 1, 2013.

28.    In particular, Defendant has disregarded the Designation Notice Requirement for insurance policies issued or delivered in California prior to the Effective Date of the Statutes—January 1, 2013—even if they continued in force after the Effective Date.

29.    As a result of Defendant's disregard of the Requirements of the Statutes, Defendant has improperly terminated policies.

30.    Defendant then breached those insurance contracts by refusing to pay death benefit proceeds that are due and owing to the beneficiaries of such improperly terminated policies.

31.    The policy issued by Lincoln Benefit insuring the life of Ted Dang is but one example.

32.    On November 10, 2000, Lincoln Benefit issued a $500,000 "Preferred Elite" life insurance policy to Mr. Dang (Policy No. 01T1222277) (the "Dang Policy"). A copy of the Dang Policy is attached as Exhibit 2.

33.    Pursuant to the Dang Policy, Mr. Dang was able to and had the option to renew the Policy for successive one-year periods by paying the annual renewal premium identified in the Policy ($375.00) on or prior to the anniversary date of November 10th for 20 years. Mr. Dang could continue to renew each year until he was 95 years old, but his annual premium would increase each year.

34.    The Dang Policy was cancellable by its terms if Mr. Dang sent Lincoln Benefit or his agent written notice of cancellation or by sending a telegram. The policy

also provided: "We will not use any statements, except those made in the app and any supplemental app, to challenge any claim or to avoid any liability under this policy." Exhibit 2 at p. 8. Mr. Dang did not send any such notice and did not cancel the Dang Policy.

35.     Lincoln Benefit purportedly attempted to lapse the Dang Policy for non-payment of premium on or around December 12, 2020.

36.     Mr. Dang died on October 2, 2022.

37.     At no time prior to the termination of the Policy did Lincoln Benefit provide Mr. Dang with the opportunity to designate a third party to receive notification of a pending termination as mandated by the Designation Notice Requirement of the Statutes or provide Mr. Dang with a form to make such designation.  Nor did Lincoln Benefit provide lapse notice to all persons with an interest in the policy prior to lapsing the Policy.

38.     Having failed to satisfy the Designation Notice Requirement, Lincoln Benefit, by extension, also failed to notify a third-party designee of the pending termination in violation of the Third-Party Notice Requirement of the Statutes.

39.     After Mr. Dang's death, Ms. Pham (the named beneficiary under the Policy and Mr. Dang's widow) through counsel contacted Lincoln Benefit and submitted a claim for benefits.

40.     Lincoln Benefit refused to process the claim and refused to pay the death benefits payable on the Dang Policy.

41.     Moreover, on information belief, at the time Lincoln Benefit refused to process or pay Ms. Pham's claim, it was aware of the district court rulings in *Bentley* and *Thomas*, which had definitively ruled that the Statutes apply to all policies renewed after the Effective Date.

42.     Lincoln Benefit has knowledge of the California Supreme Court's ruling in *McHugh* and of the Ninth Circuit's ruling in *Thomas*. Both cases undeniably establish

that the Statutes apply to all policies in-force as of the Effective Date and that to deny claims based on the purported inapplicability of the Statutes to policies issued before the Effective Date is a breach of the contract.

43.     Lincoln Benefit has an affirmative duty under California law for life insurance policies that have lapsed to search the complete Death Master File to identify potential matches of its insureds and to search for and notify beneficiaries of potential claims. Cal. Ins. Code § 10509.944.

44.     Despite the clear and overwhelming precedent that the Statutes apply to *all* policies, Ms. Pham and those similarly situated have still not been notified of or received the insurance proceeds they are rightly owed; this breach has caused Ms. Pham and those like her to suffer considerable harm in an amount to be proven at the time of trial.

## V.     CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this class action on behalf of herself and all persons and entities similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiff brings this action on behalf of the following class, which is subject to refinement based on information learned during discovery:

> "All beneficiaries who made a claim, or would have been eligible to make a claim, for the payment of benefits on life insurance policies issued or delivered in the State of California that were in force on or after January 1, 2013, including those policies that were renewed on or after January 1, 2013, and were lapsed or were terminated by Lincoln Benefit for the non-payment of premium after January 1, 2013, and as to which policies the notice or notices as described by Sections 10113.71 or 10113.72 of the California Insurance Code were not sent by Defendants prior to lapse or termination." (hereinafter referred to as "Class")

46.     As used in the class definition, the "notices described by Sections 10113.71 or 10113.72 of the California Insurance Code" are:

> (i)     notice to the applicant of the opportunity to designate (with a form to make the designation by name, address

CLASS ACTION COMPLAINT - 11
Case No.: 23-cv-290
011155-11/2225461 V1

and telephone number) at least one person, in addition to the applicant, to receive notice of lapse or termination of an individual life insurance policy for nonpayment of premium;

(ii)     notice to the policy owner annually of the opportunity to change the written designation or designate one or more persons; and

(iii)    notice of pending lapse and termination of a life insurance policy mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy.

47.     Excluded from the Class are: a) Lincoln Benefit; b) any entity in which Lincoln Benefit has a controlling interest; c) Lincoln Benefit's officers, directors, and employees; d) Lincoln Benefit's legal representatives, successors, and assigns; e) governmental entities; and f) the Court to which this case is assigned.

48.     Members of the Class are so numerous and geographically dispersed, throughout California and likely the United States, that joinder of all members is impracticable. On information and belief, the Class is readily identifiable from information and records in Defendant's possession.

49.     Plaintiff's claims are typical of the claims of the members of the Class. The Plaintiff and all members of the Class were damaged by the same wrongful conduct of Defendant, that is, *inter alia*, their failure to satisfy the Requirements and their breach of their insurance policies through the wrongful termination and subsequent non-payment of proceeds.

50.     The Plaintiff will fairly and adequately protect and represent the interests of the Class. Having suffered the same injury from the same conduct of Defendant, Plaintiff's interests are coincident with, and not antagonistic to, those of the other members of the Class.

51.     Plaintiff's counsel in this matter are experienced in the prosecution of complex commercial class actions such as this one.

52.     Questions of law and fact common to members of the Class predominate over questions that may affect only individual class members because, among other things, Defendant has acted on grounds generally applicable to the entire Class, thereby making damages with respect to the Class as a whole appropriate. Such generally applicable conduct is inherent in Defendant's wrongful conduct.

53.     Questions of law and fact common to the Class include, but are not limited to:

- Whether Defendant failed to satisfy the Designation Notice Requirement;

- Whether Defendant failed to provide policyholders with the form to make the designation; ("Third Party Notice Requirement"):

- Whether Defendant failed to provide notice to all persons with an interest in the life insurance policy prior to cancellation ("Lapse Notice Requirement");

- Whether beneficiaries of those life insurance policies in which Defendant's failed to satisfy the Requirements have unpaid death benefits;

- Whether Defendant breached its life insurance policies by failing to pay death benefits to beneficiaries despite a lack of compliance with the Requirements;

- Whether Defendant's continued refusal to pay the death benefits under their life insurance policies constitutes bad faith given Defendant's actual notice of the California Supreme Court's ruling in *McHugh*, *Bentley*, and *Thomas*; and

- The quantum of damages sustained by the Class in the aggregate.

54.     Treatment of this dispute as a class action is a superior method for the fair and efficient adjudication of this matter over individual actions. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would require. In addition, class treatment will avoid the risk of inconsistency and varying adjudications.

55.     The many benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practicably or cost effectively be pursued individually, substantially outweighs potential difficulties—which Plaintiff does not anticipate—in management of this case as a class action.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM
### (ON BEHALF OF THE CLASS)

56.     Plaintiff refers to all preceding paragraphs and incorporates them as though set forth in full in this cause of action.

57.     Defendant issued, delivered, administered and controlled payments on life insurance policies, which were binding contracts, to the policyholders identified in the Class.

58.     Defendant failed to timely invite the policyholders identified in the Class— including Mr. Dang—to designate a third party to receive termination notices for non-payment of a premium and failed to provide them with the requisite form for making such designation as required by the Designation Notice Requirement of the Statutes and because of this failure the policies did not lapse;

59.     Defendant failed to timely provide notice of lapse to all persons with an interest in the life insurance policy - including Plaintiff - prior to cancellation ("Lapse Notice Requirement").

60.     The polices—including the policy Mr. Dang purchased and which Ms. Pham, as beneficiary, still has the right to enforce—were still in effect at the time the beneficiaries made their claim or would have been eligible to make a claim. Defendant breached its contractual duty under the policies by refusing to pay benefits to the Class members—including Plaintiff—despite not satisfying the Requirements of the Statutes.

61.     As a result of Defendant's violations of the law and breaches of its life insurance policies, the Class—including Plaintiff—has sustained direct damages, as well as other foreseeable and incidental damages, in an amount to be determined according to proof at the time of trial, plus interest.

## SECOND CAUSE OF ACTION

### BAD FAITH BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IN INSURANCE POLICY

### (ON BEHALF OF THE CLASS)

62.     Plaintiff refers to all preceding paragraphs and incorporates them as if set forth in full in this cause of action.

63.     In every insurance policy there exists an implied duty of good faith and fair dealing which prohibits the insurance company from doing anything to injure the right of the insured to receive the full benefit of the policy.

64.     Defendant breached the duty of good faith and fair dealing owed to the policyholders identified in the Class, including its policy with Mr. Dang, which Plaintiff has the right to enforce.

65.     Defendant breached its duty of good faith and fair dealing and engaged in bad faith by, *inter alia*, the following acts and/or omissions:

a.      Failing to timely invite the policyholders identified in the Class—including Mr. Dang—to designate a third party to receive termination notices for non-payment of a premium and failing to provide them with the necessary form to make such designation as required by the Designation Requirement of the Statutes;

b.    Failing to abide by the Statutes at all times after the Effective Date, including but limited to failing to provide notice of lapse to all persons with an interest in the life insurance policy prior to cancellation as required by Lapse Notice requirements of the Statutes;

c.    Failing to abide by the Statutes and resolve life insurance claims after becoming aware of the precedential rulings in California state and federal courts;

d.    Failing to fulfill their ongoing duty to pay claims once liability became clear;

e.    Failing to search the death master files and notify beneficiaries of the right to make claims under the life insurance policies, and

f.    Improperly terminating or lapsing the respective policies and unreasonably refusing, without proper cause, to pay benefits to the Class members—including Plaintiffs—despite not satisfying the Designation, Third-Party and Lapse Notice Requirements of the Statutes.

66.    As a direct and proximate result of Defendant's breach of their duty of good faith and fair dealing, Plaintiff and the Class have sustained direct damages, as well as other foreseeable and incidental damages, in an amount to be determined according to proof at the time of trial, plus interest.

67.    As a further direct and proximate result of the unreasonable, bad faith conduct of Defendant, Plaintiff was compelled to retain legal counsel to institute litigation to obtain the full and fair benefit of the insurance contracts, of which she and her fellow putative class members are beneficiaries, making Defendant liable for those attorney fees, witness fees and litigation costs reasonably incurred in order to obtain the full benefit.

68.    In addition, Defendant's conduct described herein was intended to and did cause injury and/or was conduct carried out with a willful and conscious disregard of the rights of the Class, including Plaintiff, to delay and deny benefits.

69.    Defendant's conduct constitutes malice, oppression or fraud and was unreasonable under California Civil Code section 3294 and/or California Insurance Code Unfair Practices Act section 790.03 because Defendant's continued unwillingness to fully satisfy its contractual and statutory obligations was done and is being done with full knowledge that the courts, including the California Supreme court, based on, *inter alia*, the language and purpose of the Statutes, the legislative history and/or long-standing Renewal Principle, have ruled that the Statutes cover all policies in force as of the Effective Date.

70.    Defendant's decision to deny coverage and continued unwillingness to fully satisfy its contractual and statutory obligations was done with full knowledge that the courts, based on, *inter alia,* the language and purpose of the Statutes, the legislative history and  long-standing Renewal Principle, had ruled that its legal position was not a justification to deny payment, thereby entitling the Class, including Plaintiff, to punitive damages in an amount appropriate to punish Defendants  and deter this type of knowingly wrongful conduct.

71.    As the California Supreme Court has held, "…the Legislature enacted the [the Statutes] not only to provide protections to people in the future, but also to ensure that existing policy owners don't lose the life insurance coverage that they may have spent years paying for and on which their loved ones depend".  The Designation, Third-Party and Lapse Notice Requirements of the Statutes are very important consumer protections that provide policy owners the ability to make an informed choice about whether to lapse or cancel or renew important life insurance benefits.  When insurance companies fail to provide these notices they deprive the consumer of the opportunity to make informed decisions.

### PRAYER FOR RELIEF

Plaintiff, on behalf of themselves and each Class member, prays for relief and judgment as follows:

A. For certification of this matter as a Class Action pursuant to Federal Rule of Civil Procedure 23, and appointment of Plaintiff as a Class Representative and her counsel of record as Class Counsel;

B. For economic and foreseeable consequential damages, plus prejudgment interest, against Defendant for breach of contract and bad faith;

C. For punitive damages based on Defendant's ongoing bad faith;

D. For an award of attorneys' fees and costs of suit pursuant to, *inter alia,* the Public Benefit Doctrine and California Code of Civil Procedure Section 1021.5 on the basis that private enforcement of these rights is necessary, and the interests Plaintiff seeks to protect significantly benefit the general public and/or pursuant to California Civil Code section 3294;

E. Prejudgment interest pursuant to § 3289(b) of the California Insurance Code at a rate of 10% and applicable post judgment interest; and

F. All other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of the Class, hereby demands a jury trial on all causes of action that can be heard by a jury.

March 23, 2023                    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ *Christopher Pitoun*
    Christopher Pitoun (SBN 290235)
christopherp@hbsslaw.com
Abigail D. Pershing (SBN 346467)
abigailp@hbsslaw.com
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

David S. Klevatt (to be admitted *Pro Hac Vice*)
dklevatt@insurancelawyer.com
Timothy M. Howe (to be admitted *Pro Hac Vice*)
KLEVATT & ASSOCIATES, LLC
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
Telephone: (312) 782-9090

Joseph M. Vanek (to be admitted *Pro Hac Vice*)
jvanek@sperling-law.com
Mitch Macknin (to be admitted *Pro Hac Vice*)
*mhmacknin@sperling-law.com*
John P. Bjork (to be admitted *Pro Hac Vice*)
jbjork@sperling-law.com
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Telephone: (312) 641-3200

*Attorneys for KIM-ANH PHAM, on behalf of herself and all others similarly situated*