**FAEGRE DRINKER BIDDLE & REATH LLP**
TARIFA B. LADDON (SBN 240419)
tarifa.laddon@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  310.203.4000
Facsimile:  310.229.1285

Attorneys for Defendant
LINCOLN BENEFIT LIFE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM-ANH PHAM, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>LINCOLN BENEFIT LIFE COMPANY, and DOES 1 to 50, inclusive,<br><br>   Defendant. | Case No. 2:23-cv-00561-KJM-AC<br><br>Hon. Kimberly J. Mueller<br>Courtroom 3<br><br>**DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>[Filed concurrently with Notice Motion of Motion, Declaration of Tarifa B. Laddon, and [Proposed] Order]<br><br>Date:   August 11, 2023<br>Time:   10:00 a.m.<br>Place:   Courtroom 3<br><br>Complaint Filed: March 23, 2023 |

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. Statement of Facts ............................................................................................................... 2

    A. The Policy .................................................................................................................. 2

    B. The Statutes ............................................................................................................... 3

    C. Plaintiff's Claims ....................................................................................................... 4

III. ARGUMENT ...................................................................................................................... 4

    A. Legal Standard .......................................................................................................... 4

    B. Plaintiff Failed to Plead the Elements of a Claim for Breach of Contract. .............. 5

        1. Plaintiff failed to plead a causal link. ............................................................ 5

        2. Plaintiff failed to plead performance or excuse for nonperformance. ......... 7

        3. Plaintiff failed to plead that conditions precedent were satisfied. ............... 9

    C. Plaintiff Failed to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing. .................................................................................. 11

IV. CONCLUSION ................................................................................................................. 13

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

# TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Alamilla v. Hain Celestial Grp., Inc.*,
  30 F. Supp. 3d 943 (N.D. Cal. 2014) .................................................................................. 4

*Alcalde v. NAC Real Est. Invs. & Assignments, Inc.*,
  316 F. App'x 661 (9th Cir. 2009) ....................................................................................... 7

*Am. Nat. Ins. Co. v. Yee Lim Shee*,
  104 F.2d 688 (9th Cir. 1939) ............................................................................................ 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 4, 6, 7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................... 1, 4

*Bentley v. United of Omaha Life Ins. Co.*,
  No. CV157870DMGAJWX, 2017 WL 10518099 (C.D. Cal. Aug. 8, 2017) ..................... 8

*California Shoppers, Inc. v. Royal Globe Ins. Co.*,
  175 Cal.App.3d 1 (1985) .................................................................................................. 12

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
  222 Cal. App.3d 1371 (1990) ....................................................................................... 9, 11

*Culley v. New York Life Ins. Co.*,
  27 Cal. 2d 187, 163 P.2d 698 (1945) ............................................................................... 10

*Deluca v. Massachusetts Mut. Life Ins. Co.*,
  2005 WL 1562033 (E.D. Cal. June 28, 2005) ................................................................... 8

*Dr. Tarlochan Singh DDS Inc. v. Dell Computers*,
  2023 WL 2541849 (E.D. Cal. Mar. 16, 2023) ................................................................. 13

*Durrell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) .......................................................................................... 9

*Employer's Assurance Co. v. Ford Store Morgan Hill, Inc.*,
  608 F. Supp. 3d 930 (E.D. Cal. 2022) ............................................................................. 11

*Finley v. Transamerica Life Ins. Co.*,
  No. 15-CV-00678-WHO, 2015 WL 3919598 (N.D. Cal. June 25, 2015) ....................... 10

*Foundation Auto Holdings, LLC v. Weber Motors*,
  2022 WL 4237720 (E.D. Cal. Sept. 14, 2022) ..................................................... 7, 8, 9, 10

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ii
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

*Guz v. Bechtel Nat'l, Inc.*,
   24 Cal. 4th 317 (2000) .................................................................................................. 12

*Kozlowski v. Bank of Am., N.A.*,
   2018 WL 2096381 (E.D. Cal. May 7, 2018) ................................................................. 5, 6

*Love v. Fire Ins. Exchange*,
   221 Cal. App. 3d 1136 .................................................................................................. 11

*Med. Sales & Consulting Grp. v. Plus Orthopedics USA, Inc.*,
   2011 WL 5075970 (S.D. Cal. Oct. 25, 2011) ................................................................. 5

*Merced Irrigation Dist. v. Cnty. Of Mariposa*,
   941 F. Supp. 2d 1237 (E.D. Cal. 2013) ......................................................................... 8

*Moriarty v. Am. Gen. Life Ins. Co.*,
   2022 WL 4103080 (S.D. Cal. Sept. 7, 2020) ................................................................. 6

*Mudpie, Inc. v. Travelers Casualty Ins. Co. of Am.*,
   487 F. Supp. 3d 834 (N.D. Cal. 2020) .......................................................................... 12

*Munoz v. Wells Fargo Bank, N.A.*,
   2015 WL 12748816 (C.D. Cal. Jan. 9, 2015) ................................................................ 10

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ......................................................................................... 4

*O'Brien v. HII Ins. Sols.*,
   No. 2:20-CV-02115-KJM-AC, 2021 WL 1060398 (E.D. Cal. Mar. 19, 2021) ............ 6, 12, 13

*Orlando v. Carolina Cas. Ins. Co.*,
   2007 WL 781598 (E.D. Cal. Mar. 13, 2007) ................................................................. 9

*Estate of Piper v. Met. Tower Life Ins. Co.*,
   2009 WL 2431956 (S.D.N.Y. Aug. 10, 2009) ................................................................ 8

*Protégé Restaurant Partners LLC v. Sentinel Ins. Co, Ltd.*,
   513 F. Supp. 3d 981 (N.D. Cal. 2021) .......................................................................... 12

*Satvati v. Allstate Northbrook Indem. Grp.*,
   --- F.3d ----, 2022 WL 6184730 (C.D. Cal. Oct. 6, 2022) ............................................. 5, 7

*St. Paul Fire & Marine Ins. Co. v. Am. Dynasty Surplus Lines Ins. Co.*,
   101 Cal. App. 4th 1038 (2002) ...................................................................................... 5

*Stewart v. Life Ins. Co. of N. Am.*,
   388 F. Supp. 2d 1138 (E.D. Cal. 2005) ......................................................................... 5, 6

*Troyk v. Farmers Grp., Inc.*,
   171 Cal. App. 4th 1305 (2009) ...................................................................................... 5

iii
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .................................................................................................. 2

*Villarreal v. Wells Fargo Bank*,
    814 F.3d 763 (5th Cir. 2016) .................................................................................................. 8

*Wall Street Network, Ltd. v. New York Times Co.*,
    164 Cal. App. 4th 1171 (2008) ............................................................................................... 5

*Yamaguchi v. United States Department of Air Force*,
    109 F.3d 1475 (9th Cir.1997) ................................................................................................. 5

*Ztex Energy, LLC v. Crest Oil and Gas, Ltd.*,
    2011 WL 445028 (E.D. Cal. Feb. 8, 2011) .................................................................... 1, 5, 6

**Statutes, Rules & Regulations**

Cal. Civil Code § 3300 .................................................................................................................. 5

Cal. Ins. Code § 480 ...................................................................................................................... 8

Cal. Ins. Code §§ 10113.71 and 10113.72 ................................................................................ 3, 4

Federal Rule of Civil Procedure 8(a) ............................................................................................ 1

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................... 4

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

iv
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

## I. INTRODUCTION

Plaintiff has presented a Complaint heavy on broad, generalized statements, but bereft of factual support for the Plaintiff's claims. It should be dismissed. The Complaint contains labels and conclusions that do not satisfy Rule 8(a)'s pleading standards and fail to identify the factual bases for Plaintiff's purported claims. Plaintiff instead enumerated statutory requirements relating to the lapses of life insurance policies and alleged generally that Lincoln Benefit did not comply with the cited statutes. But Plaintiff did not allege whether or how Lincoln Benefit's alleged non-compliance caused harm to the policyholder (or Plaintiff), she did not allege *any facts whatsoever* regarding her performance (or excuse for nonperformance) of her obligations under the policy, and she did not allege any facts to support that conditions precedent were satisfied (or that they were excused) and/or that proceeds would be payable in these circumstances.

Even assuming the truth of Plaintiff's general averments as to statutory non-compliance, Plaintiff's allegations do not suffice to state a claim for breach of contract or breach of the implied covenant of fair dealing. If Lincoln Benefit allegedly breached the policy by not sending certain notices to the policyholder, Plaintiff must allege that the failure to send such notices caused harm to the policyholder or to Plaintiff (*i.e.*, that the alleged non-compliant notices resulted in harm to the policyholder). In the absence of a causal link between Lincoln Benefit's alleged conduct and the alleged harm, Plaintiff's breach of contract claim fails. Similarly, Plaintiff did not plead that she (or anyone) paid premiums to maintain coverage or that she was excused from doing so. Nor did Plaintiff plead that she submitted due proof of death, the clearly defined condition precedent to filing a claim for payment of the death benefit. Plaintiff did not aver *any facts* to support her purported conclusion that benefits are due.

The absence of this basic information falls short of pleading requirements and provides no more than a "speculative level" of Plaintiff's supposed right to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). This Court has cautioned against a pleading simply alleging a wrong has been committed and demanding relief. *Ztex Energy, LLC v. Crest Oil and Gas, Ltd.*, 2011 WL 445028, at *4 (E.D. Cal. Feb. 8, 2011). Plaintiff was obligated to – but did not – identify more than labels and conclusions. She must plead basic facts to support the elements of the causes

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

1
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

of action that she asserted against Lincoln Benefit. Plaintiff failed to do so, and her claims should be dismissed.

## II.  STATEMENT OF FACTS

**A.  The Policy**

In 2000, Thanh C. Dang purchased a 20-year Term Life Insurance To Age 95 Policy (the "Policy") from Lincoln Benefit. ECF No. 1 ("Compl.") ¶ 32.[1] Lincoln Benefit issued the Policy on November 10, 2000. Pol. at 1. The Policy provided coverage in the amount of $500,000. *Id.* Dang designated Kimanh Pham, his wife and Plaintiff in this action, as the beneficiary of the Policy and co-owner. *Id.* at 16 (application).[2]

The Policy required annual premium payments of $710 for 20 years.[3] *Id.* at 3. After the 20-year level premium period, premiums were scheduled to surge to $12,455 (approximately *17.5 times* the level premium amount)[4] and to increase thereafter. *Id.* at 4. Beyond the 20-year level-premium period, Dang could "renew each year until he was 95 years old," but his annual premium would be exponentially more than the level premium of $710. *Id.*

The Policy was "in force" as long as "the required premiums are paid . . . when due or within the grace period." Pol. at 5; *see also id.* at 7 ("To keep this policy in force during the lifetime of the insured, you must pay the premiums when they are due."). The Policy provided that Lincoln Benefit would "pay the death benefit when we receive *due proof* that the insured has died. Death

---

[1] Plaintiff represented that a copy of the Policy was attached as Exhibit 2 to the Complaint, Compl. ¶ 32, but no such exhibit was attached. A true and correct copy of the Policy is attached as Exhibit 1 to the Declaration of Tarifa B. Laddon ("Pol."), filed concurrently herewith. The Complaint refers to and expressly intended to attach and incorporate the Policy, and as such, the Court may consider it in connection with this Motion. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint [in consideration of a Rule 12(b)(6) motion] if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

[2] The Policy included an Additional Insured Term Insurance Benefit Rider, which provided $500,000 in coverage for Plaintiff, with Dang as the beneficiary. *Id.* at 3, 17. The Policy also included a Children's Protection Benefit Rider with $10,000 in coverage for Ethan Dang, the son of Dang and Plaintiff. *Id.* at 3, 17.

[3] The annual premium of $710 included $375 for Dang's coverage, $275 for the Additional Insured Term Insurance Benefit Rider insuring Plaintiff, and $60 for the Children's Protection Benefit Rider covering Ethan Dang. *Id.* at 3, 17.

[4] The premium due in Year 21 was **more than 1600%** the level premium amount. *Id.* at 4.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

2
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

must occur while this policy is in force." *Id.* at 6 (emphasis added). Due proof of death was defined as "(1) a certified original copy of the death certificate[;] or (2) a certified copy of a decree of a court of competent jurisdiction as to the finding of death; or (3) a written statement by a medical doctor who attended the deceased at the time of death; or (4) any other proof satisfactory to the company." *Id.* at 5.

The Policy was recorded as lapsed in December 2020, but Plaintiff provided no detail or facts in the Complaint as to the factual basis for the alleged recording of the lapse or the surrounding circumstances. Compl. ¶ 35. Dang allegedly died in October 2022.[5] *Id.* ¶ 36. According to Plaintiff, the Policy was "in effect" at the time of Dang's death. *Id.* ¶ 60. Plaintiff alleged that she submitted a "claim" to Lincoln Benefit, *id.* ¶ 39, and that Lincoln Benefit failed to pay the "death benefits payable" on the Policy. *Id.* ¶ 40. Plaintiff did not allege that she (or anyone else) paid premiums to maintain the Policy as "in force," nor did Plaintiff allege that Lincoln Benefit received due proof of death.

**B.     The Statutes**

More than 12 years after Lincoln Benefit issued the Policy, the California Legislature enacted Insurance Code Sections 10113.71 and 10113.72. The Statutes impose four primary requirements:

(1) life insurance policies "issued or delivered" in the state must provide at least a 60-day grace period before lapse (Cal. Ins. Code § 10113.71(a));

(2) an individual life insurance policy may not be "issued or delivered in this state until the applicant has been given the right" to designate a third person (a "designee") to receive a notice of lapse for nonpayment of premium (*id.* § 10113.72(a));

(3) an insurer must "notify the policy owner annually of the right to" designate or change a prior written designation made pursuant to the third party designation requirement for new policies as set forth in Section 10113.72(a) (*id.* § 10113.72(b)); and

(4) an insurer must mail to a policy owner, any designee named pursuant to Section

---

[5] Although not addressed in the Complaint, Lincoln Benefit did not receive notice of Dang's death, let alone a death certificate and/or proof of death.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

3
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

10113.72(a), and any known assignee a notice of a potential lapse within 30 days after a premium payment is due and unpaid and at least 30 days before the effective date of the lapse. *Id.* §§ 10113.71(b)(1),(3), 10113.72(c).

### C. Plaintiff's Claims

Plaintiff asserted two claims (both individually and on a class-wide basis) against Lincoln Benefit: for "breach of contractual duty to pay a covered claim" (Compl. ¶¶ 56-61) (Count I), and breach of the implied covenant of good faith and fair dealing in insurance policy (*id.* ¶¶ 62-71) (Count II).

### III.   ARGUMENT

### A. Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged. *Id.* In deciding a motion to dismiss, the Court must apply a "plausibility standard," which is guided by two "working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, although "a court must accept as true all of the allegations contained in a complaint," that tenet "is inapplicable to legal conclusions" or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* This demands more than unadorned accusations: "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and determining whether a "plausible" claim is stated is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]' that the pleader is entitled to relief." *Id.* at 679. Furthermore, courts need not accept as true allegations in a complaint that are directly contradicted by documents referenced or incorporated in that complaint. *See Alamilla v. Hain Celestial Grp., Inc.*, 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014).

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

4
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

B.  **Plaintiff Failed to Plead the Elements of a Claim for Breach of Contract.**

"To state a claim for breach of contract, plaintiff must *plead*: (1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) breach; and (4) that the breach caused plaintiff's harm." *Kozlowski v. Bank of Am., N.A.*, 2018 WL 2096381, at *5 (E.D. Cal. May 7, 2018) (emphasis added) (citing *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008)). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Ztex Energy, LLC*, 2011 WL 445028, at *4 (emphasis added). The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. U.S. Dep't of Air Force,* 109 F.3d 1475, 1481 (9th Cir. 1997).

Plaintiff's breach of contract claim should be dismissed because Plaintiff did not plead at least three of the four requisite elements of the claim. Plaintiff simply identified Lincoln Benefit's alleged non-compliance and demanded relief. This is insufficient to state a claim.

    1.  **Plaintiff failed to plead a causal link.**

"An essential element of a claim for breach of contract are damages resulting from the breach." *Med. Sales & Consulting Grp. v. Plus Orthopedics USA, Inc.*, 2011 WL 5075970, at *11 (S.D. Cal. Oct. 25, 2011) (quoting *St. Paul Fire & Marine Ins. Co. v. Am. Dynasty Surplus Lines Ins. Co.*, 101 Cal. App. 4th 1038 (2002)). Where a plaintiff does not allege causation, her claim for breach of contract fails. *See Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1352 (2009) ("Implicit in the element of damage [on a breach of contract claim] is that the defendant's breach *caused* the plaintiff's damage.") (emphasis in original). *See also Satvati v. Allstate Northbrook Indem. Grp.*, --- F.3d ----, 2022 WL 6184730, at *5 (C.D. Cal. Oct. 6, 2022) (dismissing breach of contract claim when plaintiff failed to plead "sufficient factual information" alleging that alleged breach caused damages).[6]

In the life insurance context, courts have recognized that a plaintiff must establish that the insurer's breach *caused* the alleged harm. *Stewart v. Life Ins. Co. of N. Am.*, 388 F. Supp. 2d 1138,

---

[6] Consistent with decisional law, California Civil Code Section 3300 "generally requires proof of causation: 'For the breach of an obligation arising from contract, the measure of damages . . . is the amount which will compensate the party aggrieved for all the detriment *proximately caused thereby*[.]" *Id.* (quoting Cal. Civil Code Section 3300).

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

5
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

1142 (E.D. Cal. 2005) ("Plaintiff alleges that she has been damaged by [the defendant's] breach because she not been able to recover the policy benefits due for life insurance on Mr. Stewart. . . . *Even if Plaintiff suffered damages, to be compensable such harm must have been caused by LINA's breach of the policy*.") (emphasis added).  At least one court confronting a breach of contract claim in a recent lapse dispute confirmed that a causal link must be established – and certainly alleged in the first instance.  *See Moriarty v. Am. Gen. Life Ins. Co.*, 2022 WL 4103080 at *1-*2 (S.D. Cal. Sept. 7, 2020) (denying summary judgment on breach of contract claim based on factual dispute as to whether defendant's conduct had "actually caused damage to Plaintiff"); *see also Kozlowski*, 2018 WL 2096381, at *5.

In the Complaint, Plaintiff suggested that various communications in 2020 (or lack thereof) breached the Policy.[7]  Plaintiff also alleged that Lincoln Benefit did not pay her "claim."  And Plaintiff demands payment of the death benefit.  But Plaintiff did not "identify any of the insurance policy terms . . . [or] give [Lincoln Benefit] . . . information that could permit [it] to respond to the complaint or prepare a defense.  They permit no reasonable inference of [Lincoln Benefit's] liability."  *O'Brien v. HII Ins. Sols.*, No. 2:20-CV-02115-KJM-AC, 2021 WL 1060398, at *7 (E.D. Cal. Mar. 19, 2021).  It is insufficient for Plaintiff to simply "allege a wrong has been committed and demand relief."  *Ztex Energy, LLC*, 2011 WL 445028, at *4.

As in *Stewart*, Plaintiff stated generally that she suffered harm based on Lincoln Benefit's "refus[al] to pay death benefits."[8]  Compl. ¶ 60.  Even if this is sufficient to allege harm, Plaintiff did not aver here or elsewhere that the harm to Plaintiff was "*caused by* [Lincoln Benefit's] breach of the policy."  *Stewart*, 388 F. Supp. 2d at 1142 (emphasis added).  For example, Plaintiff did not

---

[7] Although not clear from the face of the Complaint, Plaintiff appears to have asserted two potential breaches of the Policy: (1) that Lincoln Benefit failed to "timely invite" Dang to designate a third party to receive Policy notices, Compl. ¶ 58; and (2) that Lincoln Benefit failed to provide the required notices to all persons with an interest in the Policy, *id.* ¶ 59.

[8] Plaintiff also stated summarily that Lincoln Benefit's "violations of the law" caused her unspecified damages.  Compl. ¶ 61 ("As a result of Defendant's violations of the law and breaches of its life insurance policies, the Class—including Plaintiff—has sustained direct damages, as well as other foreseeable and incidental damages, in an amount to be determined according to proof at the time of trial, plus interest.").  This is the very "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," the Supreme Court has deemed insufficient.  *Iqbal*, 556 U.S. at 678.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

6
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

allege that Dang received notices from Lincoln Benefit and believed the Policy to have lapsed; Plaintiff did not allege that, had Lincoln Benefit provided different or more notices, Dang (or Plaintiff) would have paid more premiums; Plaintiff did not allege that Dang wanted coverage to continue and was harmed by the purported loss of coverage.

Although it is not necessary or appropriate for the Court to fabricate legal theories that may support Plaintiff's threadbare allegations, the sequence of events set forth in the Complaint demonstrates that Plaintiff's claims are not plausible. *Iqbal*, 556 U.S. at 679. Dang paid the annual level premium of $710 for twenty years. Compl. ¶ 33; Pol. at 3. In Year 21 (2020), the premium increased more than 1600%, to $12,455. Pol. at 4. The Policy was subsequently recorded as lapsed for non-payment of premium.[9] Compl. ¶ 35. Consistent with the stated purpose of the Policy, the timeline suggests that Dang did not want to continue coverage under the now enormously expensive Policy and intentionally did not renew it in Year 21. Placed in the proper context – a dramatic premium increase coupled with no allegation that Lincoln Benefit's alleged breaches played any role in the lapse of the Policy – Plaintiff failed to plausibly assert causation.[10] Without this critical element of a breach of contract cause of action, Plaintiff's claim must be dismissed. *Satvati*, 2022 WL 6184730, at *5.

**2.     Plaintiff failed to plead performance or excuse for nonperformance.**

Plaintiff's breach of contract claim similarly (and independently) fails because Plaintiff failed to plead performance or excuse for nonperformance, an established element of a breach of contract claim under California law. "To state a claim for breach of contract under California law, a plaintiff must sufficiently allege (1) the existence of a contract, (2) *performance or excuse for nonperformance by the plaintiff*, (3) breach by the defendants, and (4) resulting damages to the plaintiff." *Foundation Auto Holdings, LLC v. Weber Motors*, 2022 WL 4237720, at *3 (E.D. Cal. Sept. 14, 2022) (emphasis added) (citing *Alcalde v. NAC Real Est. Invs. & Assignments, Inc.*, 316 F. App'x 661, 662 (9th Cir. 2009)). "When a plaintiff asserts a claim for breach of contract, it has

---

[9] As discussed *supra*, Plaintiff did not allege that premiums were paid or were not paid. The Complaint is silent about the payment of premium, which is one of many reasons it is impossible to discern the bases for Plaintiff's claims.

[10] Paying a benefit to Pham in these circumstances would constitute an unwarranted windfall.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

7
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

a 'duty to plead its own performance or excuse for the failure to perform.'" *Id.* (quoting *Merced Irrigation Dist. v. Cnty. Of Mariposa*, 941 F. Supp. 2d 1237, 1246 (E.D. Cal. 2013)). *See also Villarreal v. Wells Fargo Bank*, *N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) ("[Plaintiff] urged that Wells Fargo breached its contract by failing to send notices to her new residence ... and to make automatic withdrawals from her checking account for mortgage payments. But a plaintiff must allege her own performance, because 'a party to a contract who is [herself] in default cannot maintain a suit for its breach. At no point did [Plaintiff] plead facts supporting the second element of her breach-of-contract claims—that she performed under the contracts.") (internal quotations omitted).

In life insurance disputes, courts have recognized the need for a plaintiff to plead performance or excuse for nonperformance by, for example, alleging that the plaintiff "has performed all of his obligations to Defendant under the terms of the contract except those obligations he was prevented or excused from performing." *Deluca v. Mass. Mut. Life Ins. Co.*, 2005 WL 1562033, at *4, n.5 (E.D. Cal. June 28, 2005). A plaintiff must specifically plead that he has performed by paying premiums – or that he was excused from paying premiums. *See* Cal. Ins. Code § 480 ("An insurer is entitled to payment of the premium as soon as the subject matter insured is exposed to the peril insured against."); *Estate of Piper v. Met. Tower Life Ins. Co.*, 2009 WL 2431956 (S.D.N.Y. Aug. 10, 2009) (dismissing plaintiffs' breach of contract claim because policy lapsed due to plaintiffs' "failure to pay sufficient premiums prior to [insured's] death. [Plaintiffs] did not duly perform on the contract, and Plaintiffs' breach of contract claim therefore fails."); *Cf. Bentley v. United of Omaha Life Ins. Co.*, 2017 WL 10518099, at *7 (C.D. Cal. Aug. 8, 2017) (dismissing individual breach of contract claim with similar allegations because plaintiff "fail[ed] to make the required payment premiums").

Here, according to its plain terms, the Policy remained "in force" as long as "the required premiums are paid . . . when due or within the grace period." Pol. at 5; *see also* Pol. at 7 ("To keep this policy in force during the lifetime of the insured, you must pay the premiums when they are due."). Thus, the Policy required the payment of premiums to keep the Policy in force. In her Complaint, Plaintiff alleged with no factual (or legal) support whatsoever that the Policy was "still

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

in effect at the time [Plaintiff] made their claim." Compl. ¶ 60. Yet Plaintiff did not allege that (1) premiums were paid to keep the Policy in force; or (2) premiums were excused. The Complaint is devoid of any allegation whatsoever regarding performance or the excusal of nonperformance. This is fatal to Plaintiff's breach of contract claim. Plaintiff did not allege that Dang actually paid (or attempted to pay) the $12,455 premium. Nor did Plaintiff allege that the possible non-payment of $12,455 premium was excused. For example, she did not allege that an external event or impediment prevented Dang from paying the $12,455 premium. She did not allege that Dang did not receive notices of non-payment of premium sent by Lincoln Benefit. She did not allege that the $12,455 premium would have been paid if Lincoln Benefit had sent different or additional notices.

If premiums were paid until Dang's alleged death, Plaintiff must allege this "performance." On the other hand, if it is Plaintiff's position that performance (*i.e.*, the payment of premiums) was excused, Plaintiff must allege this. Plaintiff has not alleged either way. She therefore failed to plead an essential element of a breach of contract claim, and her claim should be dismissed.

### 3. Plaintiff failed to plead that conditions precedent were satisfied.

Even if the Court deemed the Complaint sufficient to plead a causal link and performance (or excuse of nonperformance), Plaintiff's breach of contract claim still fails because Plaintiff did not plead that conditions precedent were satisfied. Where "contractual liability depends upon the satisfaction or performance of one or more conditions precedent, the allegation of such satisfaction or performance is an essential part of the cause of action." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App.3d 1371, 1389 (1990). Thus, the "failure to allege [*i.e.*, to plead] the satisfaction, waiver or excuse of a condition precedent amounts to a failure to state a claim for relief." *Orlando v. Carolina Cas. Ins. Co.*, 2007 WL 781598, at *4 (E.D. Cal. Mar. 13, 2007). While general allegations of satisfaction may be sufficient, "where the condition is an event, as distinguished from an act to be performed by the plaintiff, a specific allegation of the happening of the condition is *a necessary part of pleading* the defendant's breach." *Careau*, 222 Cal.App.3d at 1389 (emphasis added). Courts have therefore recognized that "an excuse for nonperformance of a condition precedent must be specifically pleaded." *Foundation Auto*, 2022 WL 4237720, at *6 (citing *Durrell*

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

9

DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

*v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010); 4 Witkin, Cal. Proc. 6th Plead Section 540 (2022)). *See also id.* at *5-6 (dismissing breach of contract claim because plaintiff did "not sufficiently allege performance or excuse for nonperformance"); *Munoz v. Wells Fargo Bank, N.A.*, 2015 WL 12748816 (C.D. Cal. Jan. 9, 2015) (dismissing plaintiffs' breach of contract claim because allegation that plaintiffs "duly performed their obligations 'until prevented by defendants from further performance'" was "wholly conclusory and thus fail[ed] to state a plausible claim" and plaintiffs pleaded no facts "that would indicate their obligation to pay [their mortgage payments] was excused").

In life insurance disputes in which plaintiffs allege a failure to pay benefits, courts have recognized due proof of death as a condition precedent that must be pled. In *Finley v. Transamerica Life Ins. Co.*, 2015 WL 3919598, at *3 (N.D. Cal. June 25, 2015), the plaintiff alleged breach of contract against a life insurer for failure to pay death benefits. The court dismissed the plaintiff's breach of contract claim based on the policy language, explaining that "[t]he plain import of this language is that Transamerica was not obligated to pay . . . the policy benefit until she provided 'due proof' of [the insured's] death. [The plaintiff] does not allege that she did so." After all, due proof is required to enable the insurer to form an estimate of its rights and liabilities. *Culley v. New York Life Ins. Co.*, 27 Cal. 2d 187, 192–93, (1945); *see also Am. Nat. Ins. Co. v. Yee Lim Shee*, 104 F.2d 688, 693 (9th Cir. 1939) (due proof must "enable the company to consider its rights and liabilities").

In the absence of due proof of death, Lincoln Benefit could not assess its rights and liabilities under the Policy, and there can be no contractual obligation to pay the proceeds in the absence of such as assessment in the first instance.[11] As in *Finley*, the Policy provided that Lincoln Benefit would "pay the death benefit when we receive *due proof* that the insured has died." Pol. at 6

---

[11] Due proof of death, which would inform Lincoln Benefit's assessment of its rights and liabilities, must be analyzed according to the facts and circumstances of each purported death under the specific terms of each policy. By way of example, this Policy provided that the proceeds, if payable, would be adjusted "[i]f the insured's age or sex shown on the app[lication] has been misstated." Pol. at 8. Due proof of death would allow Lincoln Benefit to assess whether an adjustment is warranted. Due proof of death would also allow Lincoln Benefit to assess potential fraud (*i.e.*, the confirm the fact and manner of death and that the beneficiary is entitled to the proceeds). These are not mere formalities. The Policy requires due proof of death for good reason, and Lincoln Benefit is entitled to due proof of death to assess its rights and liabilities in each instance.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

10
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

(emphasis added). Due proof of death is defined as "(1) a certified original copy of the death certificate[;] or (2) a certified copy of a decree of a court of competent jurisdiction as to the finding of death; or (3) a written statement by a medical doctor who attended the deceased at the time of death; or (4) any other proof satisfactory to the company." *Id.* at 5. These forms of "due proof" are different and are evaluated on an individualized basis, but the Policy makes clear that *some form* of due proof of death is required. Plaintiff did not mention due proof of death, and she certainly did not allege that she submitted it. Although Plaintiff alleged that "through counsel [she] contacted Lincoln Benefit and submitted a claim for benefits," Compl. ¶ 39, it is not clear what Plaintiff meant by this, nor does this align with the Policy terms requiring "due proof of death." Due proof of death is a condition precedent, and it must be satisfied (or excused) for purposes of Lincoln Benefit's obligation to pay the death benefit. But Plaintiff did not allege anything about "due proof."

Plaintiff's omission of information regarding this condition precedent renders insufficient Plaintiff's allegations. As in *Careau* and other cases in the insurance context, Lincoln Benefit's liability "depends on the satisfaction or performance of one or more conditions precedent," so "the allegation of such satisfaction or performance is an essential part of the cause of action." 222 Cal. App.3d at 1389. Because Plaintiff did not plead that the condition precedent (*i.e.*, due proof of death) was satisfied, waived, or excused, she has failed to state a claim for breach of contract. *Id.* at 1389-91.

## C. Plaintiff Failed to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

Like her breach of contract claim, Plaintiff's claim for bad faith fails because she failed to allege that the Policy was breached, and failed to plead sufficient facts in support thereof. In California, the elements for a breach of the implied covenant of good faith and fair dealing in the insurance context are: "(1) benefits *due under the policy* must have been withheld and (2) the reason for withholding benefits must have been unreasonable or without proper cause." *See Employer's Assurance Co. v. Ford Store Morgan Hill, Inc.*, 608 F. Supp. 3d 930, 946 (E.D. Cal. 2022) (emphasis added) (quoting *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1151 (1990));

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

11
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

1  *O'Brien v. HII Ins. Solutions*, 2021 WL 1060398, at *8 (same).

2  In *O'Brien,* the plaintiffs purchased health insurance from an unlicensed agent/broker allegedly working for HII Insurance. *Id.* at *1. The plaintiffs alleged that, *inter alia*, the defendants did not follow proper claims handling procedures that exceeded the scope of their contractual obligations. *See id.* at *1, *7. The Court dismissed the claim for breach of the implied covenant of good faith and fair dealing, noting that "where an implied covenant claim alleges a breach of obligations beyond the agreement's actual terms, it is invalid." *Id*. at *7 (citing *Guz v. Bechtel Nat'l, Inc.,* 24 Cal. 4th 317, 326 (2000)); s*ee also Mudpie, Inc. v. Travelers Casualty Ins. Co. of Am.*, 487 F. Supp. 3d 834, 844 (N.D. Cal. 2020) (failure to sufficiently allege that benefits were withheld means that the "threshold requirement" for a bad faith claim has not been met); *Protégé Restaurant Partners LLC v. Sentinel Ins. Co., Ltd.*, 513 F. Supp. 3d 981, 993 (N.D. Cal. 2021) ("As Plaintiff has failed to allege that benefits were due to it, Plaintiff is unable to meet both elements for a bad faith claim."). Courts in California have repeatedly endorsed this principle. *See Cal. Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal.App.3d 1, 57 (1985) ("[W]ithout actual presentation of a claim by the insured in compliance with [the claims procedure] contained in the policy, there is no duty imposed on the insurer to investigate the claim.").

Here, Plaintiff failed to allege that the Policy was breached. As in *O'Brien*, she did not identify any term that was allegedly breached, and she did not even cite provisions of the Policy relating to nonpayment of premium, lapses, and/or the payment of benefits. *See* 2021 WL 1060398, at *7. However, a review of the Policy makes clear that Plaintiff's claims (both for breach of contract and bad faith) are premised on purported obligations that exceed the terms of the Policy and the parties' contractual obligations. Most significantly for purposes of her bad faith claim, Plaintiff failed to allege any facts to support that benefits were *due* and withheld. Plaintiff alleged generally that Lincoln Benefit wrongfully "refus[ed] to pay the death benefit," but she did not at any point allege any facts to support that the death benefit was *due*. Plaintiff did not allege, for example, that Dang paid premium to keep the Policy in force, that the conditions precedent were satisfied or were otherwise excused, and/or that she submitted due proof of death. Plaintiff alleged only that she submitted a claim, Compl. ¶ 39, but it is not clear what she means by this. But even

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

12
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC

assuming Plaintiff submitted a "claim," the Policy requires "due proof" of death. The Policy describes and defines "due proof" in various ways. *See supra* at 2, 10. Plaintiff did not allege that she submitted any of the items that constitute "due proof" under the terms of the Policy. Plaintiff's bad faith claim necessarily fails because Plaintiff's claim assumes obligations "beyond [the Policy's] actual terms." *See O'Brien*, 2021 WL 1060398, at *7.

Benefits are not due because Plaintiff says so. The Policy requires more. Absent factual allegations that benefits were in fact due, Plaintiff's bad faith claim necessarily fails.[12]

## IV.    CONCLUSION

Plaintiff failed to sufficiently allege (i) that Lincoln Benefit's alleged breach of the Policy caused her any damage; (ii) that all conditions precedent to Lincoln Benefit's performance were satisfied; and (iii) that Dang performed under the contract or that his performance is otherwise excused. Plaintiff also failed to allege facts to support the very basic requirement of a bad faith claim (*i.e.*, that benefits were due but withheld). Plaintiff's allegations are insufficient to state claims against Lincoln Benefit, and the Complaint should be dismissed.

DATED: June 14, 2023                             **FAEGRE DRINKER BIDDLE & REATH LLP**

By:   */s/ Tarifa B. Laddon*
      TARIFA B. LADDON

      Attorneys for Defendant
      LINCOLN BENEFIT LIFE COMPANY

US.357818504.07

---

[12] Should the Court nonetheless deem Plaintiff's allegations sufficient, Plaintiff's claim fails as a matter of law because Plaintiff did not – and cannot – "sufficiently allege facts for the Court to infer that [Lincoln Benefit] withheld benefits unreasonably or without proper cause." *Dr. Tarlochan Singh DDS Inc. v. Dell Computers*, 2023 WL 2541849, at *6 (E.D. Cal. Mar. 16, 2023) (report and recommendation).

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

13
DEFENDANT LINCOLN BENEFIT LIFE COMPANY'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 2:23-CV-00561-KJM-AC