UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kim-Anh Pham, | No. 2:23-cv-00561-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Lincoln Benefit Life Company, | |
| Defendant. | |

The court is in receipt of the applications for pro hac vice status by Katherine L. Villanueva, W. Glenn Merten and Jamie Campisi. This district's Local Rules permit only attorneys who have been admitted to the bar of this court to practice in this court. E.D. Cal. L.R. 180(b). Admission to and membership in the bar of this court is limited to attorneys who are active members in good standing of the State Bar of California. E.D. Cal. L.R. 180(a). The Local Rules permit an exception to this general requirement, subject to the court's discretion. Attorneys may be admitted to practice in this court pro hac vice, i.e., for a specific case or action. *Id*. 180(b)(2) (exception allows for appearance and participation "in a particular case"). To be admitted pro hac vice, an attorney must apply; must be a member in good standing and eligible to practice before the bar of another court; must designate a member of the bar of this court with whom the court and opposing counsel "may readily communicate regarding the attorney's conduct of the action and upon whom service shall be made"; and must pay a fee.

1

*Id.* 180(b)(2)(ii).  An attorney is not eligible for admission pro hac vice if the attorney resides in California, "is regularly employed in California," or "is regularly engaged in professional activities in California." *Id.* 180(b)(2).  To that end, the Local Rules require, among other things, an attorney applying for admission pro hac vice to list all the pro hac vice applications the attorney has filed in this court within the past year.  E.D. Cal. L.R. 180(b)(2)(i).

These requirements are intended to enforce both the standards this court has adopted for attorneys who practice in this district as well as the standards California has adopted for attorneys who practice within its borders.  As the Supreme Court explained many years ago, "[t]he interest of the States in regulating lawyers is especially great." *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792 (1975).  "[L]awyers are essential to the primary governmental function of administering justice, and have historically been officers of the courts." *Id.* (quotation marks omitted).  The rules California adopts to prevent the unlicensed practice of law "to afford protection against persons who are not qualified to practice the profession." *Gerhard v. Stephens*, 68 Cal. 2d 864, 918 (1968).

District courts have often been required to decide whether an attorney should not be admitted pro hac vice because the attorney has represented clients in many California cases.  In addition to the number and frequency of pro hac vice applications, several indicators have proven useful in deciding whether an attorney's in-state practice requires admission to the California bar:

1. Has the attorney appeared or argued in California courts?
2. Has the attorney signed briefs filed in California?
3. How extensive was the attorney's contact with clients and opposing counsel?
4. Did the attorney physically enter California?
5. Was the out-of-state attorney's work filtered through an in-state attorney?

*See, e.g.*, *Finder v. Leprino Foods Co.*, No. 13-02059, 2019 WL 6894468, at *4 (E.D. Cal. Dec. 18, 2019) (reviewing applicable case law); *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-01196, 2015 WL 1474866, at *3 (N.D. Cal. Jan. 14, 2015); *see also Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 825 (9th Cir. 2009).

Here, Ms. Villanueva has reported three other cases in which she was granted admission pro hac vice before this court in the past year. Mr. Merten and Ms. Campisi have each reported two other cases during that time frame. An attorney who is admitted pro hac vice in only several matters in one year is not necessarily "appearing" in this court or in California more generally. But it appears Ms. Villanueva and Mr. Merten have applied to appear pro hac vice in several cases in other courts in California and attorneys at their firm, Faegre Drinker Biddle & Reath LLP, have applied to appear pro hac vice in more than a hundred matters in California within the last several years.

Such frequent pro hac vice appearances by attorneys from the same firm are a cause for concern. It is conceivable that an out-of-state attorney with frequent business in California courts could obscure the frequency of that business by asking colleagues at the same firm to apply for admission pro hac vice on a rotating basis but retain control of the representation for all practical purposes. To be clear, the current record here does not permit that conclusion with respect to these attorneys. Nor does the court reach the question whether such a scheme of rotating pro hac vice applications would violate this district's Local Rules, the rules of any other California state or federal court, or any California Rules of Professional Conduct.

The court does order as follows. Within fourteen days, Ms. Villanueva, Mr. Merten and Ms. Campisi shall each submit a declaration listing each action in which they have applied for admission pro hac vice to any California federal or state court within the last five years. For each action, the declaration must list the following information:

- The name and number of the action,
- The name of the court in which the application was filed,
- The date of the application,
- The name of the client the applying attorney represented,
- Whether the application was granted or denied,
- Whether the applying attorney appeared or argued before the California court,
- Whether the attorney signed documents filed in a California court, and
- Whether the attorney physically entered California in representing the client.

1 | The declaration may include any other information the declarant believes is relevant to his
2 | or her application to appear pro hac vice here in this case.
3 | IT IS SO ORDERED.
4 | DATED: July 25, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE