Christopher R. Pitoun (SBN 290235)
christopherp@hbsslaw.com
Abigail D. Pershing (SBN 346467)
abigailp@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

David S. Klevatt (admitted *Pro Hac Vice*)
dklevatt@insurancelawyer.com
Timothy M. Howe (admitted *Pro Hac Vice*)
Tim@Chicagolaw.biz
KLEVATT & ASSOCIATES, LLC
77 W Wacker, Suite 4500
Chicago, IL 60601-1604

*Attorneys for KIM-ANH PHAM,*
*on behalf of herself and all others similarly situated*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KIM-ANH PHAM, on behalf of herself and all others similarly situated.

Plaintiffs,

v.

LINCOLN BENEFIT LIFE COMPANY, and DOES 1 TO 50, inclusive,

Defendants.

No. 2:23-cv-00561-KJM-DB

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1. BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM
2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

# TABLE OF CONTENTS

**Page**

I. NATURE OF THE CASE ....................1

II. JURISDICTION AND VENUE ....................3

III. THE PARTIES ....................4

IV. COMMON ALLEGATIONS ....................4

A. The Statutes ....................4

B. Lincoln Benefit's Blanket Disregard of the Statutes and Breach of its Policies ....................8

C. The Dang Policy ....................8

V. CLASS ACTION ALLEGATIONS ....................11

VI. CAUSES OF ACTION ....................14

FIRST CAUSE OF ACTION Breach of Contractual Duty to Pay a Covered Claim (On Behalf of Ms. Pham and the Class) ....................14

SECOND CAUSE OF ACTION Breach of the Covenant of Good Faith and Fair Dealing in Insurance Policies (On Behalf of Ms. Pham and the Class) ....................15

RELIEF REQUESTED ....................16

JURY DEMAND ....................17

Plaintiff, Kim-Anh Pham ("Ms. Pham"), brings this action, on behalf of herself and all others similarly situated, against Defendant, Lincoln Benefit Life Company ("Lincoln Benefit").

## I.     NATURE OF THE CASE

1.    This action arises out of Lincoln Benefit's failure to pay Ms. Pham, the widow of Thanh (Ted) Dang and beneficiary of his Lincoln Benefit life insurance policy, the benefits due upon his death. Although Lincoln Benefit purported to lapse the policy for nonpayment of premium, the policy remained in force by operation of California law, which precludes any lapse or termination of life insurance policies for nonpayment of premium if the insurer has not provided the procedural safeguards mandated by the California Insurance Code.

2.    Specifically, Sections 10113.71 and 10113.72 of the California Insurance Code (the "Statutes") codified three critical procedural safeguards (among others) to protect policyowners and their beneficiaries from lapses in their life insurance coverage when premiums may be missed. Insurers like Lincoln Benefit were required to provide to their policyowners each of the following: (a) notice of the right to designate a third party to receive notice of pending lapse of the policy for nonpayment of premium (§ 10113.72(a)); (b) a form to make their designation (§ 10113.72(a)); and (c) annual notice of the right to change or supplement their third-party designation (§ 10113.72(b)) (collectively, the "Designation Notices").

3.    To ensure compliance with the Designation Notice requirement, the legislature included a bright-line rule for non-compliant insurers. If an insurer fails to provide policyowners any of the Designation Notices, then it cannot terminate the policy for nonpayment of premium and the policies remain in force. Cal. Ins. Code §§ 10113.71(b)(1), 10113.72(c). This rule also relieves beneficiaries of the burden to prove that the payment lapse was unintentional or would have been avoided if the Designation Notices had been provided.

4.    The Statutes were enacted in 2012 and became effective on January 1, 2013 (the "Effective Date"). Adoption of the Statutes was publicly supported by California's Governor, Insurance Commissioner, and Department of Insurance. The underlying public policy is to protect consumers—who are often elderly, ill, or in the final stages of life—from losing their life insurance

due to a missed premium payment or an uninformed choice about their insurance options. As explained by the author of the legislation:[1]

> "Individuals can easily lose the critical protection of life insurance if a single premium is accidentally missed[]. If an insured individual loses coverage and wants it reinstated, he or she may have to undergo a new physical exam and be underwritten again, risking a significantly more expensive, possibly unaffordable premium if his or her health has changed in the years since purchasing the policy. Therefore, the protections provided by [the Requirements] are intended to make sure that policyholders have sufficient warning that their premium may lapse due to nonpayment."

The legislature chose to effect that public policy by including the bright line rule that policies cannot be terminated for nonpayment of premium if the insurer fails to provide the Designation Notices, regardless of whether the failure to provide the notices caused the lapse.

5. A similar statute providing similar consumer protections to residential property, auto, and disability income insureds was later passed in California in 2014, effective January 1, 2016. Cal. Ins. Code § 396. According to Insurance Commissioner Jones, having the "additional point of contact can help consumers who have difficulty managing their insurance responsibilities in a timely fashion due to health issues or moving to a new location. Enactment of this bill is another success in carrying out the department's mission to protect California consumers and ensure fair insurance market practices." Cal. Dept. of Ins. Press Release (September 17, 2014), https://web.archive.org/web/20190426071928/http://www.insurance.ca.gov/0400-news/0100-press-releases/2014/release089-14.cfm (last visited Nov. 16, 2023).

6. Mr. Dang was far from the only Lincoln Benefit policyowner to whom the insurer failed to provide the mandatory Designation Notices. Lincoln Benefit has systematically and intentionally failed to provide the Designation Notices regarding policies in force as of January 1, 2013, *i.e.*, those issued prior to the Effective Date.

7. As a result, per the anti-termination provisions of the Statutes, these policies could not and did not lapse for nonpayment of premium. Because they remained in force by operation of law,

---

[1] Bill Analysis (Aug 14, 2012), at p. 2, http://www.leginfo.ca.gov/pub/11-12/bill/asm/ab_1701-1750/ab_1747_cfa_20120820_202358_asm_floor.html (last visited Nov. 17, 2023).

Lincoln Benefit was contractually obligated to pay the benefits due and owing upon the death of the policyowners. Yet, Lincoln Benefit breached this obligation by refusing to pay beneficiaries (*i.e.*, Plaintiff and members of the putative class) the proceeds based on its false assertion that the policies lapsed.

8. It was always clear that the Statues applied to policies in effect as of the Effective Date of the Statutes, but Lincoln Benefit's bad faith has been confirmed by its persistence in refusing to honor its contractual obligation to pay death benefits even after the California Supreme Court, the Ninth Circuit Court of Appeals, and numerous district courts in the Ninth Circuit have enforced the Designation Notice requirement for pre-2013 policies, and issued rulings against life insurance companies in essentially identical circumstances.

## II. JURISDICTION AND VENUE

9. This action is a civil matter over which this Court has jurisdiction under the provisions of 28 U.S.C. § 1332.

10. Ms. Pham is a citizen and domiciliary of the State of California, residing in Sacramento, California.

11. Lincoln Benefit has its corporate headquarters in Lincoln, Nebraska and is incorporated in the state of Nebraska. Lincoln Benefit was purchased by Kuvare US Holdings, Inc. on December 31, 2019.

12. The amount in controversy well exceeds the jurisdictional minimum under 28 U.S.C. § 1332.

13. Venue is appropriate in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to claims at issue occurred in this district. Ms. Pham resides in this district and the life insurance policy at issue was issued in this district. Lincoln Benefit has transacted business in this district, including the issuance of life insurance policies, and was found or had agents in this district.

14. This Court has personal jurisdiction over Lincoln Benefit because, among other facts, it: (a) transacted business in this district; (b) issued insurance policies in this district; (c) had substantial

contacts with this district; and/or (d) engaged in the conduct alleged herein which was directed at and had the intended effect of causing injury to persons residing or located in this district.

## III. THE PARTIES

15. Ms. Kim-Ahn Pham is the sole beneficiary of the insurance policy issued by Lincoln Benefit to her late-husband Thanh (Ted) Dang in 2000, in Sacramento, California. Ms. Pham is a resident of Sacramento, California.

16. Lincoln Benefit is a Nebraska life insurance company headquartered in Lincoln, Nebraska.

## IV. COMMON ALLEGATIONS

### A. The Statutes

17. In 2012, Assembly Bill 1747 was enacted and created the Statutes, which went into effect on January 1, 2013.

18. The mandates of the Statutes included the requirements to provide the Designation Notices prior to terminating any policy for non-payment of premium. The Statutes read in pertinent part:

> **Section 10113.71:**
>
> (b)(1): A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.
>
> * * *
>
> (3) Notice shall be given to the policy owner and to the designee by first-class United States mail within 30 days after a premium is due and unpaid. However, notices made to assignees pursuant to this section may be done electronically with the consent of the assignee.
>
> * * *
>
> **Section 10113.72:**
>
> (a) An individual life insurance policy shall not be issued or delivered in this state until the applicant has been given the right to designate at least one person, in

> addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium. The insurer shall provide each applicant with a form to make the designation. That form shall provide the opportunity for the applicant to submit the name, address, and telephone number of at least one person, in addition to the applicant, who is to receive notice of lapse or termination of the policy for nonpayment of premium.
>
> (b) The insurer shall notify the policy owner annually of the right to change the written designation or designate one or more persons. The policy owner may change the designation more often if he or she chooses to do so.
>
> (c) No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination. Notice shall be given by first-class United States mail within 30 days after a premium is due and unpaid.

Cal. Ins. Code §§ 10113.71-72.

19. On August 30, 2021, the California Supreme Court unanimously held—in *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 220 (2021)[2]—that the Statutes apply to *all* policies in force as of January 1, 2013:

> We conclude that sections 10113.71 and 10113.72 apply to all life insurance policies in force when these two sections went into effect, regardless of when the policies were originally issued. This interpretation fits the provisions' language, legislative history, and uniform notice scheme, and it protects policy owners — including elderly, hospitalized, or incapacitated ones who may be particularly vulnerable to missing a premium payment — from losing coverage, consistent with the provisions' purpose.

20. The *McHugh* decision followed multiple rulings from other courts, one dating as far back as 2016, which likewise applied the Statutes to policies in force as of the Statutes' Effective Date. *See, e.g., Bentley v. United of Omaha Life Ins. Co.*, 371 F. Supp. 3d 723, 739 (C.D. Cal. 2019) ("Jennifer Bentley, as the class representative, has successfully demonstrated that United breached its contractual duty to pay life insurance benefits because: (1) United issued the life insurance policy to

[2] Internal citations and quotations omitted and emphasis added throughout, unless otherwise indicated.

Eric Bentley, and Jennifer Bentley is that policy's beneficiary; (2) the Bentley policy was issued, delivered, or renewed in California by United; (3) the Bentley policy renewed after the Effective Date; (4) United did not provide Eric Bentley with the Offer to Designate or provide Jennifer Bentley with the Designee/30-Day Notice required by the Statutes; (5) the Bentley policy lapsed for non-payment of premium after the Effective Date; and (6) to date, United has not paid death benefits on the Bentley policy. Thus, there is no dispute of material fact that United breached its contractual duty to pay Jennifer Bentley's life insurance claim."); *see also Moriarty v. American General Life Ins. Co.*, 2020 WL 13540770, at *3 (S. D. Cal. Oct. 2, 2020); *Siino v. Foresters Life Ins. & Annuity Co.*, 2020 WL 8410449, at *6-7 (N.D. Cal. Sep. 1, 2020); *Thomas v. State Farm Ins. Co.*, 424 F. Supp. 3d 1018 (S.D. Cal. 2019); *Bentley v. United of Omaha Life Ins. Co.* 2016 Wl 7443189 (C.D. Cal. June 22, 2016).

21. The Ninth Circuit subsequently applied and extended *McHugh.* In *Thomas v. State Farm Life Ins.*, 2021 WL 4596286 (9th Cir. Oct. 6, 2021), the court, relying on *McHugh*, held that an insurer breaches an insurance policy by lapsing it without providing the statutory notices and then failing to pay the policy proceeds when the policy owner passes away. *Id.* at *1 ("State Farm failed to comply with sections 10113.71 and 10113.72, which prevented the policies from lapsing. Therefore, State Farm breached its contractual obligations by failing to pay benefits to [the beneficiary] under the policies after [the policyholder's] death."). The *Thomas* court rejected the life insurance company's argument that the beneficiary has any burden to prove that the failure to provide notice caused harm and granted summary judgment even though the insured had not paid all the insurance premium due. *Id.*

22. Following *McHugh* and *Thomas*, in April 2022, the insurance industry unsuccessfully attempted to legislatively overturn *McHugh* by amending the Statutes to require that "No insurer shall be liable for failure to meet any requirement of Sections 10113.71 or 10113.72 unless an alleged policy lapse occurred as a result of such failure." *See* California SB 1320, as sponsored by the Association of California Life and Health Insurance Companies (ACLHIC).[3] This attempted amendment failed, in

---

[3] SB-1320 Life insurance: nonpayment premium notice: lapse., Cal. Legis. Info. (April 18, 2022), https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=202120220SB1320 (last visited Nov. 16, 2023).

part due to a successful opposition by Consumer Attorneys of California, California Advocates for Nursing Home Reform, California Alliance of Retired Americans, Consumer Federation of California, Life Insurance Consumer Advocacy Center, and Consumer Watchdog who asserted that:[4]

> 1320 would incentivize insurers to disregard the law because it will be nearly impossible for consumers to prove causation. How can a consumer prove that their life insurance policy would not have lapsed if their carrier had invited them to designate someone else to receive notifications? Would that person have received the notifications? Would that person have acted on them? This proposal guts the purpose of the statutes by making it impossible for policyholders to hold insurers accountable. For these reasons, we must oppose SB 1320.

23. In the event that the Designation Notices are not provided, the Statutes preclude lapse or termination of the life insurance policy for nonpayment of premiums. Specifically, they provide that: "No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination." Cal. Ins. Code § 10113.72(c). They further provide that: "A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to § 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium." Cal. Ins. Code § 10113.71(b)(1).

24. These anti-termination provisions of the Statutes are congruent with California insurance law generally, which is highly protective of consumers and therefore requires strict compliance with all relevant contractual and statutory requirements before coverage can be terminated. *See, e.g.*, *Kotlar v. Hartford Fire Ins. Co.*, 83 Cal. App. 4th 1116, 1121 (2000) ("If a cancellation is defective, the policy remains in effect even if the premiums are not paid."); *Mackey v. Bristol West*

[4] Letter to Senator Brian Jones, Life Insurance Consumer Advocacy Center, United Policyholders (Apr. 13, 2022), https://uphelp.org/wp-content/uploads/2022/04/sb1320-coalition-oppose.pdf (last visited Nov. 16, 2023).

*Ins. Servs. of Cal., Inc.*, 105 Cal. App. 4th 1247, 1258 (2003) ("Termination of coverage can only be accomplished by strict compliance with the terms of any statutory provisions applicable to cancellation."); 2-7 Appleman on Insurance Law & Practice § 7.1 (2d ed. 2011) ("Generally, where the insurer attempts to cancel a policy for nonpayment of premiums, it is held to a strict standard requiring absolute compliance with policy provisions and the notice of cancellation must conform to all applicable statutes.").

**B. Lincoln Benefit's Blanket Disregard of the Statutes and Breach of its Policies**

25. Despite this longstanding, clear, and overwhelming authority, Lincoln Benefit adopted a blanket practice of disregarding its obligation to provide Designation Notices to owners of life insurance policies in force at the Effective Date. It did not alter this practice when federal courts began holding that the Statutes were fully applicable to such policies, nor even after the California Supreme Court conclusively ruled likewise in *McHugh*.

26. Upon information and belief, Lincoln Benefit did not begin sending the mandatory Designation Notices to owners of such policies until December 2021.

27. As a result of its failure to provide Designation Notices, Lincoln Benefit was precluded by law from lapsing or terminating those policies for nonpayment of premium—hence, they remained in force by operation of law. Yet Lincoln Benefit has systematically and wrongfully refused to pay death benefits to beneficiaries when the owners of such policies died, in breach of the policies.

28. Lincoln Benefit also has an affirmative duty under California law for life insurance policies that have lapsed to search the complete Death Master File to identify potential matches of its insureds and to search for and notify beneficiaries of potential claims. Cal. Ins. Code § 10509.944. It has failed to do so for policies it has purported to lapse despite failing to provide the required Designation Notices.

**C. The Dang Policy**

29. On November 10, 2000, Lincoln Benefit issued a $500,000 "Preferred Elite" life insurance policy to Mr. Dang (Policy No. 01T1222277) (the "Dang Policy"). A copy of the Dang Policy is attached as Exhibit 1.

30. Ms. Pham was the designated beneficiary of the Dang Policy.

31. Pursuant to the Dang Policy, Mr. Dang's annual premium was $375, payable on or prior to the anniversary date of November 10th, for the first 20 years. Thereafter, the premium increased annually until the policy's expiration when Mr. Dang was 95 years old.

32. By its terms, the Dang Policy could be terminated if Mr. Dang sent Lincoln Benefit (or his agent) notice of cancellation in writing or via telegram. The Dang Policy also provided: "We will not use any statements, except those made in the app and any supplemental app, to challenge any claim or to avoid any liability under this policy." Ex. 1 at 8. Mr. Dang did not send any such notice of cancellation and did not cancel the Dang Policy. The Dang Policy could only be changed in writing.

33. Lincoln Benefit asserts that it sent a notice of lapse to Mr. Dang on the Dang Policy for non-payment of premium on or around December 12, 2020.

34. Mr. Dang died on October 2, 2022. A true and correct copy of Mr. Dang's death certificate is attached as Exhibit 2.[5]

35. At no time prior to the issuance of its purported notice of lapse of the Policy did Lincoln Benefit provide Mr. Dang with the mandatory Designation Notices, *i.e.*, it neither informed Mr. Dang of his right to designate a third party to receive notification of a pending termination for nonpayment of premium, nor provided Mr. Dang with a form to make such designation.

36. Having failed to satisfy the Designation Notice requirement, Lincoln Benefit necessarily also failed to notify a third-party designee of the pending lapse or termination, as required by the Statutes.

37. Because Lincoln Benefit did not comply with the relevant requirements of the Statutes, its purported lapse or termination of the Dang Policy for nonpayment of premiums was not effective, and the Dang policy remained in force by operation of law.

38. The fact that the Dang policy remained in force by operation of law has at least two repercussions.

---

[5] The death certificate has been redacted per Court rules.

39. First, as long as the policy was "in force," Lincoln Benefit had the contractual obligation to pay death benefits upon Mr. Dang's death. The policy so obligates Defendant as follows: "If the insured dies while the policy is *in force*, the death benefit will be paid to the beneficiary." Policy, Ex. 1 at 2. Significantly, the policy remained "in force" despite any nonpayment of premium—by operation of the statutory anti-termination provisions. Because Defendant failed to provide the Designation Notices, it could not lapse the policy for nonpayment, regardless of any policy provision requiring payment to keep the policy in force. At best, the unpaid premiums would be a set off from the amount of the death benefits that are owed.

40. Second, once Defendant took the false position that the Dang Policy and other life insurance policies in the Class had "lapsed," it has also waived the right to claim that the failure to pay premiums is a defense or condition precedent to its obligation to pay death benefits on a policy that remains in force by operation of law. *Flintkote Co. v. Gen. Acc. Assur. Co. of Canada*, 480 F. Supp. 2d 1167, 1176 (N.D. Cal. 2007) (waiver is "generally applicable where an insurer denies all liability under the policy and then seeks to raise, as a defense to the insured's lawsuit, the insured's failure to perform some previously unarticulated policy-based obligation" (citing *Maier Brewing Co. v. Pacific Nat'l Fire Ins. Co.*, 218 Cal. App. 2d 869, 878-80 (1963))).

41. In any event, any attempt by Plaintiff and members of the putative class to pay premiums would have been futile after their policy allegedly lapsed for nonpayment of premium. Defendant uniformly rejects premiums paid by a policyowner after it has concluded (mistakenly in this case) that their policy has lapsed for nonpayment of premium.

42. After Mr. Dang's death, Ms. Pham, through counsel, contacted Lincoln Benefit and sought to submit a claim for benefits.

43. Plaintiff submitted due proof of death, which Lincoln Benefit has acknowledged by expressing its written condolences. Nonetheless, Defendant refused to process the claim and refused to pay the death benefits payable on the Dang Policy. In any event, due proof of death in the form of the death certificate is attached as Exhibit 2.

44. On information and belief, at the time Lincoln Benefit refused to process or pay Ms. Pham's claim, it was aware of the district court rulings in *Bentley* and *Thomas*, the California Supreme

Court's ruling in *McHugh*, and the Ninth Circuit's ruling in *Thomas*, which had definitively ruled that the Statutes apply to all policies in force as of the Effective Date of the Statutes.

45. Despite the clear and overwhelming precedent that the Statutes apply to *all* policies, and that those policies whose owners did not receive the Designation Notices remain in force, Lincoln Benefit has neither notified members of the Class of their claims for death benefits nor paid such benefits to them, including Ms. Pham.

## V. CLASS ACTION ALLEGATIONS

46. Ms. Pham brings this class action on behalf of herself and all persons and entities similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, she brings this action on behalf of the following class (the "Class"), which is subject to refinement based on information learned during discovery:

> All beneficiaries who made a claim, or would have been eligible to make a claim, for the payment of benefits on life insurance policies issued or delivered in the State of California that were in force on or after January 1, 2013 and were lapsed or were terminated by Lincoln Benefit for the nonpayment of premium after January 1, 2013, and as to which policies the notice or notices as described by Sections 10113.71 or 10113.72 of the California Insurance Code were not sent by Lincoln Benefit prior to lapse or termination.

47. As used in the class definition, the "notices described by Sections 10113.71 or 10113.72 of the California Insurance Code" are:

> (i) notice to the applicant of the opportunity to designate (with a form to make the designation by name, address and telephone number) at least one person, in addition to the applicant, to receive notice of lapse or termination of an individual life insurance policy for nonpayment of premium;
>
> (ii) notice to the policy owner annually of the opportunity to change the written designation or designate one or more persons; and
>
> (iii) notice of pending lapse and termination of a life insurance policy mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy.

48. Excluded from the Class are: (a) Lincoln Benefit; (b) any entity in which Lincoln Benefit has a controlling interest; (c) Lincoln Benefit's officers, directors, and employees; (d) Lincoln Benefit's legal representatives, successors, and assigns; (e) governmental entities; and (f) the Court to which this case is assigned. As defined, the Class does not include claims on policies that were terminated by written request of the policyowner, in accordance with the policy terms. Such policy terminations were not for non-payment of premium and therefore were not precluded by the Statutes.

49. Members of the Class are so numerous and geographically dispersed, throughout California and likely the United States, that joinder of all members is impracticable. On information and belief, members of the Class are readily identifiable from information and records in Lincoln Benefit's possession.

50. Ms. Pham's claims are typical of the claims of the members of the Class. She and all members of the Class were damaged by the same wrongful conduct of Lincoln Benefit, *i.e.*, its breach of insurance policies by refusing to pay benefits to beneficiaries of life policies that remained in force by operation of law due to Lincoln Benefit's failure to provide the mandatory Designation Notices.

51. Ms. Pham will fairly and adequately protect and represent the interests of the Class. Having suffered the same injury from the same conduct of Lincoln Benefit, her interests are coincident with, and not antagonistic to, those of the other members of the Class.

52. Ms. Pham's counsel in this matter are experienced in the prosecution of complex commercial class actions such as this one, including matters involving claims substantially identical to those made here.

53. Questions of law and fact common to members of the Class predominate over questions that may affect only individual class members because, among other things, Lincoln Benefit has acted on grounds generally applicable to the entire Class, thereby making damages with respect to the Class as a whole appropriate.

54. Questions of law and fact common to the Class include, but are not limited to:

- Whether Lincoln Benefit failed to provide the mandated Designation Notices;

- Whether beneficiaries of those life insurance policies for which Lincoln Benefit failed to provide Designation Notices have unpaid death benefits;

- Whether Lincoln Benefit breached its life insurance policies by failing to pay death benefits to beneficiaries;

- Whether Lincoln Benefit's continued refusal to pay the death benefits for such life insurance policies constitutes bad faith, given the express language of the Statutes as well as its actual notice of the rulings in, *inter alia*, *McHugh*, *Bentley*, and *Thomas*; and

- The quantum of damages sustained by the Class in the aggregate.

55. Treatment of this dispute as a class action is a superior method for the fair and efficient adjudication of this matter over individual actions. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would require. In addition, class treatment will avoid the risk of inconsistent adjudications.

56. Moreover, many members of the Class are likely unaware of their rights because they are beneficiaries and not owners of the policies at issue. They are likely unfamiliar with the Statutes, lack knowledge regarding whether the Designation Notices were provided, and may not even know that they are beneficiaries of the policies.

57. The many benefits of proceeding via the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practicably or cost effectively be pursued individually, substantially outweighs potential difficulties—which Ms. Pham does not anticipate—in management of this case as a class action.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Breach of Contractual Duty to Pay a Covered Claim

### (On Behalf of Ms. Pham and the Class)

58.     Ms. Pham incorporates by reference all preceding paragraphs as though set forth in full in this cause of action.

59.     The life insurance policies at issue in this matter are binding contracts between Lincoln Benefit and the policyowners, which the beneficiaries (*i.e.*, members of the Class) are entitled to enforce.

60.     Plaintiff has performed all condition precedents to Defendant's contractual obligation to pay death benefits, or such performance has been excused. Plaintiff submitted due proof of death, as acknowledged by Defendant when it expressed its written condolences to Plaintiff through her counsel by its letter dated December 9, 2022.

61.     Payment of premium is not a condition precedent to the policy being "in force" and, therefore, is not a condition of Defendant's contractual obligation to pay death benefits. Because Defendant failed to provide the Designation Notices, the policy remained in force and could not lapse or be terminated for nonpayment of premium.

62.     In any event, any requirement to pay premium would be excused because any attempt by Plaintiff and members of the putative class to pay premiums would have been futile. Defendant has a uniform policy of rejecting any premium payment by a policyowner after their policy lapses for nonpayment of premium, regardless of whether Defendant failed to first provide the Designation Notices, and has therefore waived the right to insist on payments as a condition for coverage.

63.     Lincoln Benefit has breached the life insurance contracts at issue by refusing to process claims and failing to pay death benefits to Ms. Pham and the rest of the Class.

64.     As a result of Lincoln Benefit's breaches of life insurance policies by failure to pay death benefits of which the Class are beneficiaries, Ms. Pham and the rest of the Class have been

damaged in an amount to be determined according to proof at the time of trial including, at a minimum, the face value of the policies, plus interest.

**SECOND CAUSE OF ACTION**

**Breach of the Covenant of Good Faith and Fair Dealing in Insurance Policies**

**(On Behalf of Ms. Pham and the Class)**

65. Ms. Pham incorporates by reference all preceding paragraphs as though set forth in full in this cause of action.

66. In every insurance policy, California law implies a duty of good faith and fair dealing which prohibits the insurance company from doing anything to injure the right of the insured to receive the benefit of the policy.

67. When an insurer unreasonably and in bad faith withholds payment of a claim, it is liable in tort for such bad faith.

68. Lincoln Benefit breached its duty of good faith and fair dealing owed regarding the Dang Policy and the other policies at issue in this matter by, *inter alia*, the following acts and/or omissions:

a. Purporting to lapse or terminate the policies despite its failure to provide Designation Notices;

b. Failing to compare such policies against the Death Master File and to search for and notify beneficiaries such as Ms. Pham and the Class of potential claims, as required by Section 10509.944 of the California Insurance Code;

c. Failing to pay benefits to Ms. Pham and the other members of the Class even after becoming aware of the precedential rulings in California state and federal courts holding that the policies of which they are beneficiaries are fully subject to the requirements of the Statutes; and

d. Failing to pay benefits to Ms. Pham and the Class once liability was further confirmed by subsequent court rulings.

69. As a proximate and foreseeable result of Lincoln Benefit's breach of its duty of good faith and fair dealing, Ms. Pham and the Class have been forced to retain legal counsel and bring this

action to recover the full and fair benefit of the insurance contracts of which she and her fellow putative class members are beneficiaries.

70. In addition, Lincoln Benefit's wrongful conduct to delay and deny benefits as described herein: (a) was intended to, and did, cause injury; and/or (b) was carried out with a willful and conscious disregard of the rights of the Class, including Ms. Pham.

71. Lincoln Benefit's conduct also constitutes malice, oppression, or fraud and was unreasonable, per Section 3294 of the California Civil Code and/or Section 790.03 of the California Insurance Code Unfair Practices Act, because Lincoln Benefit's continued unwillingness to fully satisfy its contractual and statutory obligations was done, and is being done, in disregard of controlling law. That is, Lincoln Benefit is acting with full knowledge that courts, including the California Supreme Court, have ruled that the Statutes cover all policies in force as of the Effective Date and that the policies therefore remain in force.

72. As a result of Lincoln Benefit's breaches of its duty of good faith and fair dealing, Ms. Pham and the rest of the Class have been damaged in an amount to be determined according to proof at the time of trial including, at a minimum, their reasonable attorneys' fees, witness fees, other litigation costs, and the face value of the policies, plus interest.

73. Because Lincoln Benefit's bad faith was part of a conscious course of conduct, firmly grounded in established company policy, it also justifies an award of punitive damages, in an amount sufficient to punish Lincoln Benefit and deter further misconduct, to be determined according to proof at the time of trial.

**RELIEF REQUESTED**

Ms. Pham, on behalf of herself and each Class member, seeks relief and judgment as follows:

A. For certification of this matter as a class action pursuant to Federal Rule of Civil Procedure 23, and appointment of Ms. Pham as class representative and her counsel of record as class counsel;

B. For economic and foreseeable consequential damages, plus prejudgment interest, against Lincoln Benefit for breach of contract and bad faith;

C. For punitive damages due to Lincoln Benefit's bad faith;

D. For an award of attorneys' fees and costs due to Lincon Benefit's bad faith and/or pursuant to: (i) the public benefit doctrine; (ii) Section 1021.5 of the California Code of Civil Procedure, because private enforcement of these rights is necessary and the interests Ms. Pham seeks to protect significantly benefit the general public; and/or (iii) Section 3294 of the California Civil Code;

E. Prejudgment interest pursuant to Section 3289(b) of the California Insurance Code at a rate of 10%, plus applicable post judgment interest; and

F. All other and further relief as this Court deems just and proper.

**JURY DEMAND**

Ms. Pham, on behalf of the Class, hereby demands a jury trial on all causes of action that can be heard by a jury.

November 17, 2023

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ *Christopher R. Pitoun*
Christopher R. Pitoun (SBN 290235)
christopherp@hbsslaw.com
Abigail D. Pershing (SBN 346467)
abigailp@hbsslaw.com
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

David S. Klevatt (admitted *Pro Hac Vice*)
dklevatt@insurancelawyer.com
Timothy M. Howe (admitted *Pro Hac Vice)*
KLEVATT & ASSOCIATES, LLC
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
Telephone: (312) 782-9090

Joseph M. Vanek (admitted *Pro Hac Vice*)
jvanek@sperling-law.com
Mitch Macknin (admitted *Pro Hac Vice*)
mhmacknin@sperling-law.com
Daniel A. Shmikler (admitted *Pro Hac Vice*)
dshmikler@sperling-law.com
John P. Bjork (admitted *Pro Hac Vice*)
jbjork@sperling-law.com

SPERLING & SLATER, LLC
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Telephone: (312) 641-3200

*Attorneys for KIM-ANH PHAM, on behalf of herself and all others similarly situated*

CLASS ACTION FIRST AMENDED COMPLAINT - 18
Case No.: 2:23-cv-00561-KJM-DB
011155-11/2395815 V1