**FAEGRE DRINKER BIDDLE & REATH LLP**
TARIFA B. LADDON (SBN 240419)
tarifa.laddon@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: 310-203-4000

KATHERINE VILLANUEVA (*pro hac vice*)
kate.villanueva@faegredrinker.com
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone: 215-988-2700

W. GLENN MERTEN (*pro hac vice*)
glenn.merten@faegredrinker.com
1500 K Street, N.W., Suite 1100
Washington, DC 20005
Telephone: 202-230-5235

JAMIE M. CAMPISI (*pro hac vice*)
jamie.campisi@faegredrinker.com
600 Campus Drive
Florham Park, NJ 07932
Telephone: 973-549-7134

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIM-ANH PHAM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BENEFIT LIFE COMPANY, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00561-KJM-DB<br><br>Hon. Kimberly J. Mueller<br>Courtroom 3<br><br>**STIPULATION TO STAY ACTION PENDING RESOLUTION OF APPEAL**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Complaint Filed:  March 23, 2023 |

1  Plaintiff Kim-Ahn Pham, on behalf of herself and all others similarly situated, and
2  Defendant Lincoln Benefit Life Company ("Lincoln Benefit") hereby stipulate as follows:

3  WHEREAS, on March 23, 2023, Plaintiff filed this putative class action;

4  WHEREAS, on June 13, 2023, Plaintiff filed a Notice of Related Case, indicating that this
5  action was related to *Farley v. Lincoln Benefit Life Company*, Case No. 2:20-cv-02485-KJM-DB
6  (Dkt. No. 22);

7  WHEREAS, on June 14, 2023, Lincoln Benefit moved to dismiss the Complaint (Dkt. No.
8  24);

9  WHEREAS, the Court entered a Related Case Order, finding that this case and the *Farley*
10 Action were related within the meaning of Local Rule 123(a)(3), and reassigning this case to
11 Magistrate Judge Deborah Barnes (Dkt. No. 28);

12 WHEREAS, on August 11, 2023, the Court heard argument on Lincoln Benefit's Motion
13 to Dismiss (Dkt. No. 47);

14 WHEREAS, on October 26, 2023, the Court granted Lincoln Benefit's Motion to Dismiss,
15 and dismissed the Complaint without prejudice (Dkt. No. 51);

16 WHEREAS, on November 17, 2023, Plaintiff filed a First Amended Complaint ("FAC")
17 (Dkt. No. 52);

18 WHEREAS, Lincoln Benefit filed its Answer to the FAC on December 15, 2023 (Dkt. No.
19 55);

20 WHEREAS, on or about January 8, 2024, Plaintiff propounded (i) Plaintiff's First Set of
21 Requests for Production of Documents, and (ii) Plaintiff's First Set of Interrogatories (together, the
22 "Requests");

23 WHEREAS, the Court has not issued a scheduling order, set a discovery deadline, or set a
24 trial date in this matter;

25 WHEREAS, in *Farley*, 2023 WL 3007413 (E.D. Cal. Apr. 19, 2023), the Court granted in
26 part and denied in part the plaintiff's motion for class certification. The Ninth Circuit granted
27 Lincoln Benefit's petition to appeal pursuant to Federal Rule of Civil Procedure 23(f). (Case No.
28 23-80037 (9th Cir.)).

WHEREAS, on January 8, 2024, the court entered an order staying the *Farley* action pending resolution of the appeal. *Farley*, 2024 WL 86317 (E.D. Cal. Jan 8, 2024);

WHEREAS, the parties expect that the litigation of this case, including the scope of discovery and arguments made by the parties in connection with class certification and summary judgment, will involve one or more issues pending before the Ninth Circuit in the *Farley* appeal;

WHEREAS, a stay of this case pending the resolution of the *Farley* appeal will advance the interests of justice because it will conserve the resources of the Court and of the parties;

WHEREAS, a stay of this matter dependent upon Defendant's production of certain below discovery satisfies the criteria for a stay. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (holding that a court considering a stay must weigh the "competing interests" of "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay") (citing *Landis v N. American Co.*, 299 U.S. 248, 254-55 (1936)).

WHEREAS, numerous other courts have ordered stays pending the resolution of *Farley* and other related appeals.[1]

WHEREAS, the parties have agreed to limit the scope of discovery at this stage to advance the case pending determinations by the Ninth Circuit Court of Appeals in *Farley* and the related appeals[2] and to seek a stay of this case pending the referenced appeals;

WHEREAS, Lincoln Benefit will produce within 7 days of the date on which the Court approves this Stipulation: (i) non-privileged documents and communications for Policy No.

---

[1] *See Allen v. Protective Life Ins. Co.*, Case No. 1:20-cv-00530-JLT-CDB, 2023 WL 8602199 (E.D. Cal. Dec. 12, 2023); *Schmidt v. Protective Life Ins. Co.*, et. al, Case No. 1:21-cv-01784-JLT-CDB (E.D. Cal. Dec. 12, 2023), Dkt. No. 92; *Grundstrom v. Wilco Life Ins. Co.*, Case No. 3:20-cv-03445-MMC, 2023 WL 8429789 (N.D. Cal. Dec. 4, 2023); *Phan v. Transamerica Life Ins. Co.*, Case No. 5:20-cv-03665-BLF, 2023 WL 7597464 (N.D. Cal. Nov. 13, 2023); *Linhart v. John Hancock Life Ins. Co.,* Case No. 2:20-cv-02117-TJH-RAO (C.D. Cal. Feb. 9, 2024), Dkt. No. 177; *Varian v. Principal Nat'l Life Ins. Co.*, Case No. 1:23-cv-00051-KES-EPG (E.D. Cal. Mar. 1, 2024), Dkt. No. 31.

[2] *Farley v. Lincoln Benefit Life*, Case No. 23-16224; *Small v. Allianz Life*, Case No. 23-55821; *Poe v. Northwestern Mutual*, Case No. 23-3243; *Siino v. Foresters Life*, Case No. 23-16189; *Moriarty v. Am. Gen. Life Ins. Co.*, Case No. 23-23-3650; *Pitt v. Metropolitan Tower Life*, Case No. 23-55566; *Park v. AXA Equitable Life Ins. Co.*, Case No. 23-55130.

01T1222277, including any communications to the insured or beneficiary[3]; (ii) exemplar policy forms for policies issued to putative class members to the extent they were previously produced in *Farley*; (iii) exemplar grace notices and third party notices and forms for policies issued to putative class members to the extent they were previously produced in *Farley*; (iv) manuals and procedures related to the Statutes and life insurance policy cancellations, to the extent they were previously produced in *Farley*; and (v) anonymized data previously produced in *Farley* regarding life insurance policies issued or delivered in California before January 1, 2013, that were subsequently recorded as lapsed or terminated for nonpayment of premium after January 1, 2013, to the extent related to the putative class in this case.[4] To the extent that any of the materials produced are not dated, LBL will provide information regarding the effective dates of the procedures and/or manuals. This production with without prejudice to Plaintiff's ability to seek additional discovery and compliance with its currently outstanding discovery once the stay is lifted.

NOW, THEREFORE, the parties hereby stipulate

- Lincoln Benefit shall produce the information set forth above within 7 days of the date of this Order;
- This case will be stayed pending a ruling by the Ninth Circuit Court of Appeals in the *Farley* appeal;
- Either party may petition the Court to lift the stay in the event of a substantive ruling in any of the related appeals.
- The parties shall file a Joint Status Report within 14 days after the final resolution of the *Farley* appeal.

///

///

///

---

[3] Lincoln Benefit will produce such documents and communications that are not privileged.

[4] The parties agree that Lincoln Benefit will produce this information in lieu of (and without waiver of) any and all objections and formal written responses, and that Lincoln Benefit need not at this time produce a privilege log.

IT IS SO STIPULATED.

DATED: May 28, 2024

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: /s/ *Christopher R. Pitoun*
Christopher R. Pitoun
Abigail D. Pershing

David S. Klevatt (*Pro Hac Vice*)
Timothy M. Howe (*Pro Hac Vice)*

**KLEVATT & ASSOCIATES, LLC**

Joseph M. Vanek (*Pro Hac Vice*)
Mitch Macknin (*Pro Hac Vice*)
John P. Bjork (*Pro Hac Vice*)

**SPERLING & SLATER, P.C.**

Attorneys for Plaintiff
KIM-ANH PHAM, on behalf of herself and all others similarly situated

DATED: May 28, 2024

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Tarifa B. Laddon*
TARIFA B. LADDON
KATHERINE VILLANUEVA (*pro hac vice*)
W. GLENN MERTEN (*pro hac vice*)
JAMIE M. CAMPISI (*pro hac vice*)

Attorneys for Defendant
LINCOLN BENEFIT LIFE COMPANY

## ATTESTATION

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 28, 2024

*/s/ Tarifa B. Laddon*
TARIFA B. LADDON
